CASE 34.—ACTION BY S. E. RENFRO AGAINST E P. BARLOW
FOR ASSAULT AND BATTERY.—January 13.

# Renfro v, Barlow

Appeal from Barren Circuit Court.

SAMUEL E. JONES, Circuit Judge.

Judgment for defendant.   Plaintiff appeals.—Reversed.

1. Assault and Battery—Civil Actions—Self-Defense—Evidence—
   Instructions.—Where, in an action for assault, defendant
   showed that plaintiff endeavored to get his knife before
   defendant assaulted him, and there was evidence that defendant first assaulted plaintiff by striking him, an instruction on self-defense must be qualified by the provision that,
   if defendant brought on the difficulty by first attacking plaintiff, the jury could not find for defendant on the ground of
   self-defense.

2. Assault and Battery—Punitive Damages—Mitigation—Provocation.—Laws 1906, p. 262, c. 32, providing that in actions
   for assault defendant may plead as a defense to the claim
   for punitive damages, and introduce in evidence in mitigation of damages, any matter of provocation which preceded
   the assault, abolishes the rule prohibiting defendant from
   giving in evidence the acts of plaintiff at a different time,
   and permits defendant to prove any matter of provocation in
   mitigation of punitive damages, but not in mitigation of
   actual damages.

3. Assault and Battery—Civil Actions—Evidence—Admissibility.
   —Where, in an action for assault, defendant proved the uttering by plaintiff in reference to defendant of insulting epithets
   prior to the assault, evidence that another person made the
   remarks attributed to plaintiff was admissible to support
   plaintiff's claim that he did not make the remarks.

4. Assault and Battery—Civil Actions—Damages.—In an action
   for assault and battery, the jury may award plaintiff, by

Renfro v. Barlow.

way of compensatory damages, such sum as they believe from the evidence will fairly compensate plaintiff for any physical or mental suffering which he endured as the necessary result of his injuries.

PORTER & SANDIDGE, W. E. JONES and DUFF & HUTCH-ISON for appellant.

## POINTS DISCUSSED AND AUTHORITIES CITED.

1. The verdict in this case is palpably and clearly against the weight of the evidence, in fact there is no evidence to support it. (Taylor v. Howser, 12 Bush, 465.)

2. It was error to give the self defense instruction, because there was no proof upon which to base it. (A. & E. Ency. of Law, 1st Ed., vol. 11, 249; L. & N. R. R. Co. v. McComb, 21 Ky. Law Rep. 1238.)

3. The instruction based upon the act of the General Assembly, approved March 16, 1906, permitting pleading and proof of "provocation," should not have been given.

First. Because the provocation pleaded and proven is not such as is contemplated by the act (Session Acts 1906, Chap. 32, p. 362.), (a) In construing statutes the intention of the Legislature must, if possible, be ascertained, (b) the language of the statute must not be followed to an absurdity, and (c) the premable or a subsequent clause may restrict, restrain or explain the meaning of a former clause. (Galloway's Heirs v. Webb, Hardin 325; Sams, etc. v. Sams Admr., 85 Ky. 398; Comlth. v. Holliday, 98 Ky. 616; City of Covington v. McNickles Heirs, 18 B. M. 286; Nichols v. Wells, Sneed, 255; Garnet v. Brockman, Hardin 382; Session Acts, 1906, Chap. 32, Sec. 2, p. 262.3

Second. Because the alleged provocation is not shown by the evidence to have prompted the assault.

Third. If given at all, the instruction should not have been given in its present form.

Fourth. The idea of the law embraced in instruction No. 7 should have been given to the jury. (Nicola Bros. v. Hurst, 28 Ky. Law Rep. 87.)

5. When one party is permitted to prove a part of a conversation, or transaction, the other party is entitled to the whole of it.

BAIRD & RICHARDSON for appellee.

Renfro v. Barlow.

## STATEMENT.

The appellant, S. E. Renfro, on the 6th day of August, 1907, filed this action in the Barren Circuit Court, and alleged in his petition, that "the defendant in said county and state unlawfully and without any provocation upon the part of the plaintiff, assaulted, beat and bruised him about the face, head, eyes and other parts of the body with a piece of iron, steel or other hard substance, &c."

The defendant filed his answer denying that he "Unlawfully, wrongfully or without provocation on the part of the plaintiff assaulted, beat or bruised him about his face, head eyes or other parts of his body."

Thus the defendant admitted that he assaulted and beat the plaintiff, and merely denied that it was unlawfully, wrongfully or without provocation.

In addition to simply denying that the assault and battery was "Unlawful, wrongful or without provocation," the defendant in the second paragraph of his answer, pleads son assault demense.

## THE BURDEN OF PROOF.

The defendant having merely denied that the assault and battery was unlawful, wrong or without provocation, and having pleaded son assault demense, the burden of proof was on the defendant and he had the right to open and close the argument before the jury.

## AUTHORITIES CITED BY APPELLEE.

Cleft v. Stockton, 4 Litt. 215; White, &c. v. Cole, 20 Ky. Law Rep. 1757; C. & O. Ry. Co. v. Moats, &c., 20 Ky. Law Rep. 1757; Starr v. Commonwealth, 16 Ky. Law Rep. 843; Williams v. Commonwealth, 90 Ky. 596; Smith v. Commonwealth, 113 Ky. 19; L. & N. R. R. Co. v. Hilter, 25 Ky. Law Rep. 1145; 23 Ky. Law Rep. 1629; Wharton on Criminal Evioence, sec. 757; Roberson's Ky. Crim. Law and Procedure, sec. 757; Moran v. Vecony, 24 Ky. Law Rep. 2416; Patterson v. T. J. Moss Tie Co., 30 Ky. Law Rep. 9; L. & N. R. R. Co. v. Roberts, 24 Ky. Law Rep. 1160; L. & N. R. R. Co. v. Harrod, 25 Ky. Law Rep. 250; Givens v. Bradley, 3 Bibb. 192, 6 Am. Dec. 646.

Opinion of the Court by Wm. Rogers Clay, Com-
missioner—Reversing.

Plaintiff, S. E. Renfro, instituted this action against
the defendant, E. P. Barlow, to recover damages for
assault and battery.  The petition charges that the
defendant unlawfully and without any provocation
on the part of plaintiff, assaulted, beat, and bruised
plaintiff about the face, head, eyes, and other parts
of his body, with a piece of iron, steel, or other hard
substance.  The defendant answered in three para-
graphs.  In the first paragraph he denied that he
unlawfully, wrongfully, and without provocation as-
saulted the plaintiff; in the second paragraph he
pleaded son assault demesne; and in the third para-
graph a matter of provocation under the act approved
May 16, 1906.  The case was submitted to the jury,
and a verdict rendered in favor of the defendant.
From the judgment based thereon, the plaintiff
appeals.

According to the testimony for the plaintiff, the
defendant, on the 3d day of August, 1907, came up to
plaintiff where he was seated in his buggy, at Cave
City, and said to him: "I hear or understand you said
you could whip me."  Plaintiff replied that he believed
he could the day the defendant poisoned his dog; that
he was mad then, but had gotten over it.  Plaintiff
then told the defendant that, if there was any fighting
to be done, he (defendant) would have to do it.  They
then began to discuss the poisoning of plaintiff's dog.
Defendant said: "Yes, I did poison your dog, and if
any of you d—— s—— b—— don't like it, how are
you going to help yourselves?"  The defendant then
struck plaintiff with an iron ring in the face and on
the head; struck plaintiff again, and jerked him out

of the buggy and kicked him. Plaintiff's testimony
was corroborated by that of several witnesses. Ac-
cording to the testimony of defendant, the latter said:
"Yes, I poisoned your dog, and if any of you d——
s—— b—— don't like it, you can help yourselves."
Renfro then jumped back in his buggy and made a
motion as if to draw his knife. Defendant then struck
him and pulled him out, or he fell out of the buggy.
Defendant went to Cave City to meet plaintiff, and
took the iron lap ring along to use on him. Three or
four other witnesses testified that, about two weeks
before the difficulty, they heard plaintiff call the de-
fendant a "d—— s—— b——," and say that he was
going to whip the defendant. This statement was
communicated to the defendant. Plaintiff was called
in rebuttal, and stated that he had not at any time or
place used the language in regard to Barlow attrib-
uted to him by defendant's witnesses; that Noah At-
kinson was the one who used that language. Plain-
tiff then undertook to prove by three or four other
witnesses that it was Noah Atkinson, and not himself,
who used the language upon the occasion in question.
This testimony was excluded by the court.

The court instructed the jury as follows:

"(1) The court instructs the jury that if they shall
believe from the evidence that the defendant, Barlow,
on or about the 3d day of August, 1907, unlawfully
and maliciously assaulted, beat, or bruised the plain-
tiff, Renfro, on or about his face or head, or other
parts of his body, with an iron or steel lap ring, or
kicked him on or about his person, they should find
for the plaintiff such compensatory damages, if any,
as in their judgment will fairly compensate him for
the injuries, if any, received by him at the hands of

said defendant, not to exceed, however, the sum claimed in the petition, to-wit, $5,000.

"(2) The court instructs the jury that if they shall find for the plaintiff under instruction No. 1, in any sum or amount whatever, by way of compensatory damages, and shall believe from the evidence that the alleged assault was wanton, or without provocation upon the part of the plaintiff, then, they are not restricted in their finding, if any, to the compensatory damages, if any, sustained by the plaintiff; but, in addition thereto, they may find for the plaintiff such exemplary damages, if any, as will in their judgment be a just and reasonable punishment for the assault, if any, made by the defendant on the plaintiff. But in no event shall the finding, if any, in both compensatory and exemplary damages exceed the said sum of $5,000.

"(3) The court instructs the jury that the expression of the term 'compensatory damages,' as used in these instructions, means actual damages; and that the expression or term 'exemplary damages,' as used in these instructions, means damages by way of punishment.

"(4) The court instructs the jury that if they shall believe from the evidence that at the time the defendant, E. P. Barlow, assaulted the plaintiff, Renfro, if he did assault him, the defendant, Barlow, in good faith believed, that he was then in danger of an assault about to be inflicted upon him by the plaintiff, Renfro, the defendant had the right to use such force as was necessary, and appeared to him, the defendant, in the exercise of a reasonable judgment, to be necessary to repel the assault and save himself. Nor is it necessary that the jury should believe that such damages to Barlow were actual or real. It was

enough if it appeared to him, in the exercise of good faith, to be real.

"(5) Although the jury may believe from the evidence that the defendant, Barlow, did assault the plaintiff, Renfro, and that when the defendant did so, if he did, he, the defendant, did not in good faith believe, and have reasonable grounds to believe, that he was then in danger of an assault about to be inflicted upon him by the plaintiff, still, if the jury shall believe from the evidence that the plaintiff gave to the defendant such provocation to cause the defendant to assault him (the plaintiff), if he did assault him, as would cause an ordinarily prudent person, under like or similar circumstances, to assault the plaintiff, the jury can not find for plaintiff anything by way of punitive damages, and the jury may consider such provocation, if any, in estimating compensatory damages, if any, they find for the plaintiff.

"(6) Unless the jury believe from the evidence that the defendant, on or about the 3d day of August, 1907, unlawfully or maliciously assaulted, beat, or bruised the plaintiff, Renfro, on or about his face or head, or other parts of his body, with an iron or steel lap ring, or he kicked him on or about his person, they must find for the defendant."

It is earnestly insisted by counsel for appellant that the defendant below was not entitled to an instruction on self-defense; that, according to his own testimony, he began the assault by striking the plaintiff. A careful reading of the entire testimony of the defendant, however, leads us to believe that he intended to convey to the jury the impression that the plaintiff drew back and endeavored to get his knife before he assaulted the plaintiff. We are of the opinion, however, that the

instruction on self-defense, as given by the court, did not fully present the law of the case. According to the decided weight of the evidence, the defendant first assaulted the plaintiff by hitting or striking him with a lap ring. That being the case, the self-defense instruction should have been qualified by a provision to the effect that, if the jury believed that the defendant brought on the difficulty by first attacking plaintiff or striking him with a lap ring, they could not find for the defendant on the ground of self-defense.

It is next insisted that instruction No. 5 is erroneous, in that the alleged cause of provocation took place two weeks prior to the assault; it being insisted by counsel that it was not contemplated by the act of 1906 to permit evidence of provocation that took place so long before the assault to be given to the jury. In support of this contention, we are referred to all the old cases holding that the defendant could not give in evidence in mitigation of damages the acts or declarations of the plaintiff at a different time, or any antecedent acts which were not fairly to be considered a part of one and the same transactions, though they may have been ever so irritating or provoking. Rochester v. Anderson, 1 Bibb 428; Dugan v. Godsey, 2 A. K. Marsh. 352; Slater v. Sherman, 5 Bush 306; Carson v. Singleton, 65 S. W. 821, 23 Ky. Law Rep. 1626. In our opinion the instruction is not erroneous for the reason stated. The act plainly provides that the defendant shall have the right to plead, as a defense to the claim of punitive damages, and to introduce in evidence in mitigation of damages, any matter of provocation which preceded the assault or assault and battery. All along, it had been the rule that opprobious epithets or insulting language used at the time of the assault were admissible. Chandler v.

Newton, 13 Ky. Law Rep. 927. The very purpose of the statute was to do away with the long-established rule, and to permit opprobious epithets and abusive language used by the plaintiff towards the defendant prior to the time of the assault and battery to be pleaded as a defense to punitive damages, and to be given in evidence in mitigation of damages. Though not objectionable for the reason complained of, we are of the opinion that instruction No. 5 is erroneous in that it permits the previous provocation to be pleaded as a complete defense to punitive damages, and to be given in evidence in mitigation of actual damages.

The act under which instruction No. 5 was given (Acts, 1906, p. 262, c. 32) is as follows: "In all civil actions for damages inflicted by an assault, or by an assault and battery, the defendant shall have the right to plead as a defense to the claim for punitive damages, and to introduce in evidence in mitigation of damages, any matter of provocation which preceded the assault or assault and battery. If the matter of provocation prompted the assault or assault and battery, and was of a nature as to cause a person of ordinary prudence and judgment to take the action taken by the defendant." Prior to the enactment of this act, this court in the case of Carson v. Singleton, supra, said: "Whatever may be the rule in other jurisdictions as to the admissibility of testimony of this character either as a part of the res gestæ or in mitigation of appellee's liability for punitive damages, the question is not an open one in this State. In 1809, in an action of trespass, assault, and battery, under a plea of not guilty, the plaintiff proved that, on the day of the assault and battery, the defendant, as he was going to the place where it was committed,

declared that he intended to flog the plaintiff because he had circulated slanderous reports of him. The defendant then offered to prove that plaintiff had prior to that day circulated reports which were slanderous to him. To this evidence the court sustained an objection, and upon appeal to this court the ruling of the circuit judge was approved; the court in an opinion by Chief Justice Boyle saying: "The law, out of respect to the frailty of human passions, looks with an eye of some indulgence upon the violation of good order produced in the moment of irritation and excitement from abusive language; but, where there has been time for deliberation, that peace of society required that the men should suppress their passion, and neither reason nor law will suffer them to claim a diminution of their responsibility for their misconduct. If opprobious words, for which the law allows an action, have been used of a man, the law furnishes a remedy and will not permit him to redress his own wrong. If they are so frivolous as not to be deemed by the law actionable, a peaceful citizen, when he has had time for reflection, will consult the peace and good order of society, as well as his own dignity, in disregarding them.' Rochester v. Anderson, 4 Ky. 429."

It is evident that the act of March, 1906, was enacted for the purpose of changing the rule announced in the above case, and to make competent in mitigation of punitive damages matters of provocation occurring prior to the assault and battery. Furthermore, the very language of the act, itself, indicates that this was the purpose of the Legislature. By the terms of the act the defendant is given the right to plead, as a defense to the claim of punitive damages, and to introduce in evidence in mitigation of damages, any matter of provocation which preceded the assault,

or assault and battery. It is manifest from the language used that the Legislature intended that, before any matter of provocation could be introduced in evidence in mitigation of damages, there should first be a plea of provocation. In other words, the right to introduce in evidence any matter of provocation in mitigation of damages can mean nothing else than the damages in mitigation of which the plea was interposed. That being the case, it necessarily follows that the matter of provocation can be introduced in evidence in mitigation only of punitive damages. As the instruction given permitted the matter of provocation to be given in evidence in mitigation of actual damages, it was therefore erroneous.

It is next insisted that the court erred in refusing to permit plaintiff to prove by other witnesses that it was Noah Atkinson who made the insulting remarks in reference to the defendant on the occasion when it is claimed that the plaintiff made said remarks. We are inclined to the opinion that this evidence was admissible on the question of identity of the person making the remarks. Evidence going to show that at the same time and place another person made the remarks attributed to plaintiff would tend, to some extent, at least, to support plainti's claim that he did not make the remarks in question.

Upon the next trial of this case, the court will instruct the jury as follows:

"(1) If you believe from the evidence that on or about the 3d day of August, 1907, the defendant, Barlow, not in his necessary, or to him apparent necessary, self-defense, as defined in instruction No. 2, assaulted, beat, or bruised plaintiff, and thereby injured him, you will find for plaintiff.

"(2) If you believe from the evidence that, at the

time defendant assaulted the plaintiff, the defendant in good faith believed, and had reasonable grounds to believe, that the defendant was then and there in danger of bodily harm about to be inflicted upon him by the plaintiff, and that the defendant used no more force than was necessary, or appeared to him in the exercise of a reasonable judgment to be necessary, to protect himself from injury at the hands of plaintiff, you will find for the defendant, unless you believe that defendant brought on the difficulty by first striking plaintiff or assaulting him with a lap ring, in which event, you can not find for defendant on the ground of self-defense.

"(3) If you find for plaintiff, you may award him such sum by way of compensatory damages, not exceeding $5,000, as you believe from the evidence will fairly compensate him for any physical or mental suffering which he endured as the necessary result of his injuries, if any.

"(4) If you believe that defendant, not in his necessary, or to him apparent necessary, self-defense, assaulted, bruised, or injured plaintiff, and further believe that defendant wantonly and maliciously assaulted, bruised, or injured plaintiff, you may, in addition to compensatory damages, award plaintiff punitive damages, not exceeding in all the sum of $5,000. If, however, you believe from the evidence that plaintiff gave to the defendant such provocation to assault and bruise plaintiff as would cause an ordinarily prudent man under like or similar circumstances so to assault and bruise the plaintiff, and that such provocation, if any, did prompt defendant to assault plaintiff, you may consider such provocation, if any, in mitigation of the punitive damages, if any, which you may find for plaintiff."

For the reasons indicated, the judgment is reversed, and cause remanded for a new trial consistent with this opinion.