## Barth v. Stewart.

(Decided June 4, 1929.)

ED J. TRACY for appellant.

LEWIS F. BROWN for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

Frank Barth and Thomas Stewart engaged in a fight and Barth sued Stewart to recover damages for injuries sustained in the encounter. Stewart defended the action on the ground that Barth himself brought on the conflict, and that the injury inflicted upon him was required to repel the onset and to prevent injury to defendant. Stewart also made a counterclaim against Barth for damages sustained by him in the same fight, but it was not insisted upon by the defendant, or submitted to the jury by the court. The trial jury found a verdict for the defendant. The court rendered judgment accordingly, and denied a motion for a new trial. Barth appeals and assigns two reasons for a reversal of the judgment.

It is said that the verdict of the jury was flagrantly against the evidence, and that proof of provocation on a previous occasion was erroneously admitted.

The first contention is not sustained by the record. Stewart asked and was awarded the burden of proof. He testified that Barth was his near neighbor, they were coming home in the evening on the same street car, and got off at the same station. Barth alighted first, followed immediately by Stewart. Barth was carrying in one hand a sack of potatoes, and in the other a shovel wrapped in paper. Nothing was said, but when Stewart reached the ground Barth was waiting with the shovel, and assumed a menacing attitude. The transcript recites that Stewart demonstrated to the jury the different postures assumed by Barth, but we are unable to divine what they were. Stewart struck Barth, and in the ensuing struggle Stewart obtained possession of the shovel and hit Barth on the head with it. If the jury credited the testimony of Stewart, it was warranted in finding that he acted in self-defense. Although Stewart did strike first, that fact it not conclusive of fault. If he believed, and had reasonable grounds to believe, that Barth was about to assault him, he was justified in acting promptly in defense of himself. Other witnesses corroborated to some extent the testimony given by Stewart. On the other hand, Barth testified that he was carrying a sack of potatoes in one hand and a shovel in the other, was not expecting a fight, and did nothing whatever to provoke an assault. Stewart followed him from the street car, called him an offensive name, and, as soon as they reached the ground, struck him on the jaw. Barth dropped his shovel and was endeavoring to ward off the blows rained upon him by his assailant. According to his version of the affair, Barth was the victim of an unprovoked and premeditated attack. He was corroborated in some respects by the testimony of several witnesses. This somewhat summary statement of the facts adduced demonstrates that there was a conflict in the evidence which could only be resolved by a properly instructed jury, and that the verdict was not palpably against the evidence.

The court admitted testimony respecting a previous difficulty between the parties which had occurred more than two months before the fight involved in this case. The testimony was admitted over appellant's objection

and the court admonished the jury that it was admitted for the purpose of showing the attitude of the plaintiff. The answer and counterclaim filed by Stewart did not rely upon any previous provocation, but rested the defense solely upon the ground that Stewart acted in defense of his own person against an assault then and there made by Barth. It is insisted that provocation may be proven only when pleaded, and, as there was no plea of provocation, the admission of the evidence was prejudicial. For many years it was the rule in Kentucky, in cases of this character, that antecedent acts or declarations, no matter how irritating or provoking, could not be received in mitigation of damages or to excuse an assault and battery. In 1906, however, the General Assembly modified the rule to some extent, making competent in mitigation of punitive damages matters of provocation occurring prior to the assault and battery in question. Renfro v. Barlow, 131 Ky. 312, 115 S. W. 225. The statute expressly provided that in civil actions for damages inflicted by an assault, or by an assault and battery, the defendant should have the right to plead as a defense to the claim for punitive damages and to introduce in evidence in mitigation any matter or provocation which may have preceded the assault and battery. The statute has been construed to mean, as it plainly provides, that, before any matter of provocation can be introduced in evidence, it must be pleaded, and the right to plead it is limited and confined to the mitigation of punitive damages. It may be said that the error was not prejudicial to plaintiff since the verdict was for the defendant, no damages were allowed, and the verdict of the jury was based upon the merits of the cause of action. But in Renfro v. Barlow, supra, there was a verdict for the defendant, denying all damages, and a reversal was ordered for the same error. The improper evidence, in the minds of the jurors, may have mitigated away the damages altogether. If the jury had been so instructed as to allow actual damages, notwithstanding the mitigating effect of the provocative words and conduct proven, and had been advised that only punitive damages could be affected by it, a different question would be presented. But such was not the case here. Under the pleadings as made, the evidence should have been confined to the transaction involved. It was error for the court to permit the jury to depart from the issue it was to try, and to be distracted by the facts and circumstances of an ear-

lier controversy not pleaded at all and not allowable, even when pleaded, except in mitigation of punitive damages.

The defendant may, if he so desires, amend his answer so as to rely upon the previous provocation in mitigation of punitive damages, and, if that is done, evidence will be admissible respecting any matter so pleaded. The plaintiff, of course, will then have an opportunity to meet such issue.

The judgment is reversed for a new trial consistent with this opinion.