## Herring v. Lunderman.

May 7, 1946.

C. C. Grassham and C. A. Wickliffe for appellant.

L. B. Alexander for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Affirming.

Lunderman sued Herring on a charge that the latter had wilfully and maliciously assaulted him inflicting serious injuries. He prayed for a total of $6,415; of this sum $115 represented expenditures for dental surgical service, medicines, and $300 for loss of time. The answer was a denial without affirmative plea. On trial the jury returned a general verdict for $800 and judgment was entered in accord. An appeal followed but was dismissed, as was a second appeal granted by this court, both on technical grounds. On this last appeal granted by the court, it was ordered to be heard on the original record; motion to dismiss on other technical grounds has been overruled, so the case for the first time reaches us on merits.

In proof it was shown that during the strawberry season in McCracken County, appellee approached appellant for a loan of $5, proposing that appellee would peddle the berries, repay the loan and divide any profit. The money was advanced, but apparently there was no effort to repay. Some time later the two met on a street in Paducah and appellant made demand for his money and words followed. Appellee paid appellant thirty-five cents, all he had at the time, and says he told appellant he was expecting a check from a brother and would pay him the balance the next day. That appellant then said, "G. D. you, you are trying to steal my money; if you don't get up the alley I am going to kill you," and then struck appellee on the face breaking his jaw bone.

According to appellee and his attendant surgeon the injury was serious, and of considerable duration. Other witnesses testified as to seeing parts of the altercation, but threw no probative light on the matter.

Appellant testified as to the loan of the money, the agreement and failure to repay. As to what happened when they met on the street, appellee said he asked: "What about my money? I work hard for my money and it looks like you would give it back. Mr. Keeling tells me you owe him and he couldn't get the money out of you. Mr. Williams told me I would be lucky if I got it. He went to shaking his finger in my face and I said 'go on down the street and let me alone.' He said, three or four times, 'I want you to understand I am not a damned dead beat,' and I said 'you are a dead beat, this proves it,' and he said 'don't call me a dead beat, I will take my knife and cut your guts out,' and I hit him.'" The portion as to the threat was objected to, but objection was overruled. Other witnesses testified as to the bad reputation for truth on the part of appellee.

The question presented is whether or not the court committed prejudicial error in refusing appellant the right to file an amended answer at a late stage of the proceedings. The record (minus a bill of exceptions other than transcript of evidence) shows that following close of all the evidence, defendant offered a peremptory instruction which was refused. At this point the defendant tendered an amended answer which the court on plaintiff's objection rejected, but ordered it lodged for the purpose of appeal. The substance of the amendment was that at the time defendant assaulted plaintiff he had put his hand in his pocket and said he would cut his guts out, and then defendant struck one blow; that the thus striking was for the purpose of preventing plaintiff from inflicting upon him great bodily harm, and that he used only such force as appeared to him to be necessary in repelling the apparent assault.

On this tendered plea the defendant offered an instruction presenting the defense of son assault demesne, but which was not a precisely correct instruction. Appellant admits that if the tendered amended answer was correctly refused, then the self-defense instruction was properly rejected. Counsel for defendant also offered an instruction to the effect that the law was for the de-

fendant if the jury believed from the evidence that the conduct of the plaintiff was such as to excuse an ordinary prudent man in making the assault. This was offered under the provisions of Section 411.010, KRS. This section authorizes a plea of previous provocation, but which when properly plead goes only to the mitigation of punitive, not in mitigation of compensatory, damages. Aside from the fact that the tendered instruction was of faulty construction in failing to limit its application to mitigation of punitive damages, it had no place here, because there was no plea under the terms of the statute. Barth v. Stewart, 229 Ky. 840, 18 S. W. 2d 275; Gargotto v. Isenberg, 244 Ky. 493, 51 S. W. 2d 443.

Appellant contends that the adverse ruling was erroneous, because he had the right to file it so as to conform to proof, which was certainly within the knowledge of appellant when the original was filed. Section 134 Civil Code of Practice allows amendments under such terms as the court may fix, and this is applicable to pleadings filed to conform to proof, but it is still in the discretion of the court even though offered for this purpose. Kerr v. Watkins, 234 Ky. 104, 27 S. W. 2d 679. The two pleas here were inconsistent, and it may be the court concluded that the plea changed the defense or procedure, or was made for delay and the case is briefed on both sides on these questions. However, it may be concluded that the court denied the filing because the amendment did not set up a ground of defense, and if so he was correct. The same law which governs the plea in criminal cases is applicable in civil actions. 6 C. J. S., Assault and Battery, sec. 18, p. 810; Taylor v. Franklin, 208 Ky. 43, 44, 270 S. W. 462. In that case we held that it was necessary that the defendant in an effort to excuse his act must show that he in good faith believed it to be necessary to commit his act in order to avert the claimed apparent danger. It is also essential to a good plea to aver that the defendant was not in fault in bringing on the difficulty, and that he was not the aggressor, C. J. S. supra, or that he was free from fault. Herrington v. Magee, 15 La. App. 183, 131 So. 490; Lehman v. Lambert, 329 Mo. 1147, 49 S. W. 2d 65. The tendered answer was deficient in all these requirements, and the court was justified in refusing the filing, even though it had been tendered in reasonable and proper time. It follows as a consequence that the court

did not err in refusing an instruction either on provocation (under the statute) or on the plea of self defense.

Another complaint is that the court did not give proper instructions. It is argued that the court instructed the jury that if they believed the assault was willful and malicious they might award punitive damages not to exceed $1,000, the amount claimed on this ground. It is contended that the court should have defined the words willfully and maliciously, and that there was no proof from which it might be inferred that the assault was either willful or malicious. As we read the proof we find enough, even on the part of the defendant, from which the jury could infer that the assault was willful, and not entirely free from some malice. While it is a general rule that the court should define technical words, the failure to do so is not always reversible error. We have held in a number of criminal cases that the failure of the court to define these words did not constitute reversible error. Timberlake v. Com., 245 Ky. 163, 53 S. W. 2d 345; Pack v. Com., 287 Ky. 192, 152 S. W. 2d 600; McElwain v Com., 289 Ky. 446, 159 S. W. 2d 11. Even if the rule were otherwise, it is obvious here that the failure to define was not prejudicial. The appellee proved an expenditure of $415 for treatment and loss of time, without controverting proof. This would leave the damage for pain and suffering $385, without doubt compensatory and not punitive damages. If appellee's testimony and that of his doctor was true, and it was not controverted, the total sum awarded was modest.

We find no error in the record which would authorize us to disturb the verdict and judgment, therefore the judgment is affirmed.