COMMONWEALTH of Kentucky,
Appellant,

v.

Luella HAGER, Appellee.

No. 1999–CA–001543–DG.

Court of Appeals of Kentucky.

Oct. 20, 2000.

Albert B. Chandler, III, Attorney General, Denotra Spruill Gunther, Special Assistant Attorney General, Lexington, KY, for Appellant.

Thomas L. Conn, Lexington, KY, for Appellee.

Before BARBER, EMBERTON and GUIDUGLI, Judges.

*OPINION*

BARBER, Judge.

This Court granted discretionary review of the reversal by the circuit court of a district court decision in a criminal matter. The reversal was based upon the district court's failure to provide a definition of terms used in the jury instructions. We reverse the circuit court's decision.

Appellee Louella Hager was charged with Unlawful Transaction with a Minor in the Third Degree pursuant to KRS 530.070(1)(c), as a result of her children's habitual truancy. The Commonwealth alleged before the district court that Hager's minor daughters were not attending school, as required by law. It was asserted that Hager's children had been absent from school an excessive number of times during their educational years. In the year prior to the charges being filed, the nine-year-old child had been absent from school 38 days, was not enrolled in school for three days, and was tardy over fifty times. Hager's younger child was absent for 41 days during the 1997–98 school year, and was not enrolled in school for 20 days of that school year.

Hager failed to attend the regularly scheduled jury trial, and was arrested on a bench warrant. The jury trial was rescheduled. At the first jury trial, defense counsel requested that the district court dismiss the charges on the ground that KRS 600.020(25) was unconstitutionally vague, in that the term "habitual truant" is not defined in the criminal statutes. Defense counsel further argued that neither of Hager's children met the definition of "habitual truant" as defined by KRS 600.020(25), as neither child had been previously found truant by the court.

The district court denied the motion to dismiss, holding that KRS 530.070(1)(c)

specifically addresses this situation. The district court also held that the children did not have to be declared truant before being found habitually truant. Both parties submitted jury instructions to the court. Hager's instructions included the definition of "habitual truant" from the Unified Juvenile Code, KRS 600.020(25). The instructions submitted by the Commonwealth did not contain a definition of the term "habitual truant". The district court ruled that no definition of the term "habitual truant" was necessary in the jury instructions, as any reasonable juror "would know that when a child is absent from school over and over again, that they are habitually truant."

At trial the Commonwealth presented evidence regarding the children's absence from school. Several teachers testified that the older child was not performing at grade level, and asserted that the absenteeism caused this lack of academic progress. The Commonwealth also asserted that Hager failed to attend parent-teacher conferences, failed to respond to notes from the school regarding her children, and failed to appear for scheduled mediation. Pupil Personnel had filed two complaints regarding violations of the compulsory education statute against Hager. The Cabinet for Families and Children had twice been involved in attempting to resolve the attendance problem, but had refused to remain involved in the ongoing case due to "uncooperative" behavior by Hager. Hager testified on her own behalf as to the reasons for the absences and school transfers. She admitted that she knew of the girls' truancy. She was found guilty and sentenced to six months in jail.

Hager appealed this conviction to the circuit court, asserting that the district court should have sustained her motion to dismiss the charge as unconstitutionally vague, and the failure of the court to declare a mistrial due to defense counsel's failure to obtain relevant medical evidence.

The circuit court refused to address the constitutionality of KRS 530.070(1), due to Hager's failure to give notice to the Attorney General as required by law. The circuit court reversed the jury verdict, and held that the terms "habitual truant" and "valid excuse" should have been defined by the district court in the jury instructions. The circuit court held that these terms are technical in nature, and not apparent to the average juror, which made it the district court's duty to define them pursuant to *Lawson v. Commonwealth*, 309 Ky. 458, 218 S.W.2d 41, 42 (1949). The circuit court did not address the mistrial argument. The jury instructions stated that Hager was to be found guilty if she "knowingly and persistently induced, assisted or caused [either child] to be an habitual truant."

The Commonwealth argues that the failure to define the term "habitual truant" in the jury instructions was not reversible error. In drawing up its jury instructions, the Commonwealth used the Third Degree Unlawful Transaction With a Minor instruction from 1 Cooper, *Kentucky Instructions to Juries (Criminal)*, Section 8.112 (4th ed.1993). This instruction states, in its entirety:

> You will find the Defendant guilty of Third Degree Unlawful Transaction with a Minor under this Instruction if, and only if, you believe from the evidence beyond a reasonable doubt the following:
>
> A. That in this county on or about (date) the Defendant knowingly induced, assisted or caused (victim) to become a habitual truant;
>
> B. That (victim) was less than 18 years of age;
>
> AND
>
> C. That the Defendant knew (victim) was less than 18 years of age.

*Id.*

The jury instructions proffered by Hager included the definition of "habitual truant" as defined in the Uniform Juvenile Code, which requires that a child be "found by the court to have been absent from school without valid excuse for three

(3) or more days during a one (1) year period or tardy for three (3) or more days on at least three (3) occasions during a one (1) year period." KRS 600.020(25). The Commonwealth objected to this definition, and argued that it should only be used in cases where the juvenile is found to be a status offender. The Commonwealth argued that if a definition for "habitual truant" was used, it should be taken from KRS 159.150, which holds that "[a]ny child who has been absent from school without valid excuse for three (3) or more days, or tardy on three (3) or more days, is a truant. Any child who has been reported as a truant three (3) or more times is an habitual truant...." The district court ruled that no definition of habitual truant was required. The circuit court reversed the district court conviction on the grounds that the term "habitual truant" should have been defined.

Hager argues on appeal that the term "habitual truant" is a technical term, defined differently in both the juvenile statutes and the criminal code. Hager asserts that neither of the definitions found in the statutes are those which a person of ordinary intelligence would presume when hearing the term. Hager points out that it would be improper for the Commonwealth, in a prosecution pursuant to KRS 159.010, to use the definition of habitual truant found in KRS 600.020, and vice versa.

We find that "truant" is a term of common usage, and one which the jury may be expected to understand without a formal definition. Further, the evidence given before the district court, showing that the children had numerous absences from school, and that these absences were affecting their ability to learn, was a sufficient basis for a finding that the children were habitually truant.

Kentucky law holds that erroneous instructions to the jury are presumed to be prejudicial, and that an appellant or appellee claiming harmless error bears the burden of showing that no prejudice resulted from the instruction. *McKinney v. Heisel,* Ky., 947 S.W.2d 32 (1997). The Commonwealth relies on *Herring v. Lunderman,* 302 Ky. 271, 194 S.W.2d 506 (1946), in showing that the failure to define the term "habitual truant" should not be considered reversible error, as the definition is commonly known, and a reasonable man could understand the term without a formal definition being provided.

A formal definition is not required to be included in jury instructions where the jury can understand the term without such a definition. *See Hardin v. Savageau,* Ky., 906 S.W.2d 356, 358 (1995). Here, the jury did not evidence any lack of understanding of the term "habitual truant". Under such circumstances, the lack of a formal definition constitutes harmless error. *Sweatt v. Commonwealth,* Ky.App., 586 S.W.2d 289, 292 (1979). For this reason, we reverse the circuit court, and affirm the decision of the district court.

ALL CONCUR.