Judge Owsley
delivered the opinion of the court.
This is an appeal from a judgment recovered by Cockran in an action of trespass, assault and battery, brought by him against M'Ilvoy.
The declaration charges M’Ilvoy of having, with force and arms, to wit: with sticks, clubs, fists, hands and feet, made an assault upon, and beat, wounded and illy treated Cockran, so that his life was greatly dispaired of, &c.
M‘Ilvoy pleaded first, son assault demesne, and second for further plea alledged, that Cockran, his action against him ought not to have and maintain, because he says that he M‘Ilvoy, for a long time before, and at the time when, &c. to wit, on the same day and year, in the declaration men *272 tioned, was lawfully possessed of, and in a certain close, to wit: a certain tract and parcel of land, with the appurtenances, situate, lying and being near the town of Danville, in the county of Mercer, which he, the said M‘Ilvoy, had heretofore partly inclosed with a post and rail fence, which fence was then end there, of and belonging to said enclosure, and being so possessed, the said Cockran, a little before said time, when &c. to wit: on the same day and year, in the declaration mentioned, with force and arms and with a strong hand, and without the licence or permission, but against the will of him the said M‘Ilvoy, did force and break down some of the said posts, intending thereby to demolish said fence, and did then and there attempt and endeavor forcibly to break down and demolish other the posts and rails of him the said M'Ilvoy, then and there found, and being with an intention, wickedly and unlawfully to pull up and throw down the said M'Ilvoy's posts, so being the nand there found, and would then and there unlawfully and forcibly, with a strong hand, have effected and accomplished such unlawful attempt and endeavor without the licence or permission of him, the said M'Ilvoy, and against his will if he the said M‘Ilvoy had not then and there defended his said close, fence and posts, where upon, he the said M‘Ilvoy, being then in his said close, and during the said forcible and unlawful attempt and endeavor of him the said Cockran, did at the same time when, &c defend his, the said M'Ilvoy’s possession of his said close, posts and rails, and oppose and resist the said attempt and endeavor of him the said Cockran, as it was right and lawful for him to do on the occasion aforesaid and in so doing he did necessarily and unavoidably assault, beat and ill treat the said Cockran, as in his declaration mentioned: So the said M‘Ilvoy saith that if any damage or injury then and there happened to the said Cockran, the same happened of the wrong of him the said Cockran and in the lawful and necessary defence of his, the said M'Ilvoy’s said close, posts and rail's &c. &c.
To the first plea, Cockran replied that the injury was done by M'Ilvoy of his own wrong and without any such cause as in his plea is alledged, and concluded to the country; whereupon issue was joined by M'Ilvoy.
To the 2nd plea Cockran replied that M‘Ilvoy committed the assault and battery in the declaration mentioned in his own wrong, and whilst he, Cockran, was in the *273 public high way on his own land, without that, that M‘Ilvoy lawfully and necessarily assaulted him, the said Cockran, as in his second plea he has alledged, and concludes with a verification.
To this replication M’llvoy rejoined, that Cockran was not, at the time when the supposed trespass, assault and battery was committed, upon his own lands on the public high way, as by replying he has alledged, but was on the lands of him, the said M’Ilvoy, doing and committing the wrongs and trespass as in the said plea above pleaded, and concludes to the country—whereupon, issue was also joined by Cockran.
During the progress of the trial before the jury, and after the evidence was closed on both sides, the counsel of M’Ilvoy moved the court to instruct the jury, that if, from the evidence, they believed M’Ilvoy had supported the truth of his second plea, they ought to find for him; but the court overruled the motion, and instructed the jury that it was not every trespass that would justify so enormous a battery, and that if the jury believed, from the evidence, the plea was true, it ought to go in mitigation of damages.
The jury, after retiring from the bar to consult of their verdict, returned a verdict of $1000 in favor of Cockran: whereupon the counsel of M’Ilvoy moved the court for a new trial, on the grounds—1st, of the verdict being against evidence; and 2d, for an error in the court’s refusal to instruct as asked for by the counsel of M’Ilvoy, and in giving the instructions it did to the jury. The motion was, however, overruled, and judgment rendered in conformity with the verdict.
Exceptions were taken, as well to the decision of the court on the motion to instruct the jury as in refusing a new trial, and the whole of the evidence made part of the record.
The main question raised by the assignment of errors, and to which it is proper we should first respond, involves an enquiry into the decision of the court upon the appellant’s motion to instruct the jury, that if they believed from the evidence he had supported the truth of his second plea, they ought to find for him.
In making this enquiry, we are led. necessarily, to examine the sufficiency of the plea to bar the action of the appellee; for if it forms a sufficient bar, and the issue is considered as being taken upon the truth of its allegations, *274 it will be conceded that upon its being supported by evidence, the jury ought to have found for M’Ilvoy, the appellant, and consequently the court, as a matter of law, should have so instructed them; but if the plea contains a bar to part of the cause of action only, it is equally clear, the court cannot have erred in directing the jury that if from the evidence they believed the plea true, it should barely go in mitigation of damages. It is not, however, designed to say, that on the trial of a single issue taken to a plea, containing a bar to part only of the cause of action, the jury ought not, upon the plea, being proven true, to find for the defendant generally. In that case, as the jury would be sworn barely to try the issue and give their verdict according to the evidence, it would be transcending their provence to decide on any thing else not contained in the issue; but it is intended to say, that where the jury are called to try a multiplicity of issues, one of which goes to the whole and the others but to a part of the cause of action, evidence supporting the pleas going to a part only will not authorise a general verdict for the defendant, and that so far, and that so far only, as the pleas proven to be true furnishes a sufficient answer, they should be taken as mitigating the damages which the plaintiff might otherwise be entitled to recover.
If an issue is formed on a single plea, which bars only a part of the pltfs action, if def't. proves his plea, a general verdict should be given for him, for the jury are to respond only to the issue only—but if the issue is formed on two pleas one barring the whole action, and the other a part only, and deft. fails in his proof in bar of the whole action but sustains his plea barring a part, then verdict should be plft. and the evidence sustaining the plea answering to part of plaint’f’s demand, and should go in mitigation of damages.
An assault and battery may be justified in defence of real or personal property; but except the assailanfuses force in fact, resort is not to be had to violence before request to depart, and then the plea should, in the general be, molliter manus imposuit.
*274 The examination of the sufficiency of the plea divides itself properly into two enquiries:—1st, As its sufficiency to bar any part of the cause of action, and if any, 2d, how much?
In responding to these enquiries, it must be borne in mind the declaration contains a charge of assault, battery and wounding; and the plea alledges the injury, to have been occasioned by M’Ilvoy (the defendant in the circuit court) in defence of a close of which he was possessed, and in resisting the attempt of Cockran forcibly to enter and demolish the fence thereto, appertaining.
It is not denied but that an assault and battery may be justified in the defence of the possession of either real or personal property, but it is contended that previous to the use of force there should be a request to depart, and that the injury should not be justified in the mode adopted by M’Ilvoy, but that he ought to have pleaded by way of moliter manus imposuit.
That moliter manus is the proper mode of pleading to many actions brought for injuries arising in defence of the *275 possession of property, will not be controverted; but that it is the only admissible mode in every possible case, we apprehend, cannot be maintained.
There are certainly cases where force may be employed in defence of possession without a previous request to depart. Thus in the case of Green against Godard, 2 Salk. 641, the court said, in cases of actual force, as breaking open a gate or door, it is lawful to oppose force with force; and if one breaks down a gate, or comes into a close with force and arms, the possessor need not request him to depart, but may lay hands upon him immediately, for it is but returning violence with violence: so if one comes forcibly and takes away my goods, he may be opposed immediately, for there is no time to make a request: but say the court, where one enters the close without actual force, although his entry will he construed a force in law, there must be a request to depart before the possessor can lay hands upon him and turn him out.
This case from Salkeld, whilst it discriminates between those cases where force may or may not be employed without a request to depart, illustrates conclusively the cases where molitu manus should properly be pleaded, as well as those where such a plea as that adopted by M’Ilvoy may be adopted. It shews that where possession has been invaded by implied force only, injuries in defence of the possession ought to be justified by way of moliter manus; but where the possession is attacked by actual force, as no request to desist is necessary, the injury may be justified by pleading the facts which, authorise the employment of force in defence of the possession.
We are aware, that in some reported cases, judges are said to have used expressions negativing the idea of any justification in defence of possession, other than by a pled of molitu manus, but in using those, expressions, we apprehend, the court must have had in view injuries resulting in the defence of possession invaded, not by actual, but by constructive force.
It is upon this distinction between actual and constructive force, and this only, and by applying the plea of moliter manus to the latter and not the former, that the reported cases can be reconciled with each other; and understanding the court, when speaking on the subject of that plea, to have had in mind the cases of constructive force, there is no difficulty in reconciling the authorities.
Tho’ an assult and battery may be justified in defence of possession, yet a wounding in no case can; but if the intruder in his attempt assaults the possessor or his family, the possessor resisting the attempt may wound the intruder: the plea in this case should specially set out and rely on the assault and not the intrusion
But whilst each plea is admissible when applied to its appropriate case, in neither mode can every species of injury be justified, exclusively in defence of possession. Where the possession is invaded by force in law, and the intruder refuses to depart, or where it is invaded by actual force, force may be employed by the possessor, and as every forcible laying of hands upon an another is, in legal contemplation, a battery, it follows that in either mode of pleading, an assault and battery may be justified.
Notwithstanding, however, an assault and battery may be justified in either mode of pleading, we apprehend a wounding cannot be: for it is well settled that in defence of possession a wounding cannot be justified. Com. Dig. title Pleader, 3 m, 16, 17. But although a wounding cannot be justified barely in defence of possession, yet, if in attempting to remove the intruder, or prevent his forcible entry, he should commit an assault upon the person of the pessessor or his family, and the owner should, in defence of himself or family, wound him, the wounding may no doubt be justified;—but then as the personal assault would form the grounds of justification, the plea should set out specifically the assault in justification.
From what has been said it will be perceived, that the plea of M’Ilvoy, as it contains allegations of actual force on the part of Cockran, imports a defence to the assault and battery charged in the declaration, but as it contains no allegation of a personal assault by Cockran, it furnishes no justification to the wounding stated in the declaration. It results, therefore, that if the plea was proven to be true, the jury, sworn to try also on other issues going to the whole cause of action, could not regularly have found a general verdict for M’Ilvoy, and consequently the court properly refused the instructions to the jury asked by M’Ilvoy.
The only remaining question necessary to be noticed, involves an enquiry into the decision of the court in refusing a new trial.
It will be recollected the motion was made on the grounds of the verdict being against evidence, and on the grounds of the court having erred in their instruction to the jury
From what has been already observed, it will be perceived, that there is no error in the decision of the court upon the motion to instruct. And with respect to the evi *277 dence, it need only be remarked, that it appears to have been of a character peculiarly proper for the decision of the jury, and not such as will justify the interposition of this court.
Hardin for appellant, Bibb for appellee.
The judgment must be affirmed with cost and damages.