WILBERT MASTEN AND DANIEL R. B. MASTEN, Executors of the Last Will and Testament of HEZEKIAH MASTEN, deceased, *vs.* JOHN W. HERRING, administrator d. b. n. c. t. a. of the estate of SALLIE A. MASTEN, deceased.

*Debt—Case Stated—Statute—Married Woman's Law; Construction of—Bond of Married Woman To Husband—Invalid—Purpose and Scope of the Act.*

1. That part of *Section 9, Chap. 550 Vol. 14, (Revised Code* 600), *Laws of Delaware* which provides: ''And in any case a married woman, at the age of twenty-one years, may give a bond, with or without a warrant of attorney, just as if she were a *femme sole.*'' should be so construed as clothing a married woman with legal authority to give a bond to another person other than her husband, but as to him she is not in that respect authorized to act as a *femme sole.*

2. The said act is in derogation of the common law. It is remedial —the purpose of its enactment being to remove from a *femme covert* certain disabilities existing at common law. While a married woman may do these acts and things which the act authorize her to do, the same as if unmarried, yet the act should not be construed so as to alter or change the common law status of husband and wife beyond its clearly expressed scope and purpose. At common law the husband and wife could not contract with or maintain an action against each other.

(*April* 17, 1907.)

JUDGES SPRUANCE and BOYCE sitting.

*Robert C. White* for plaintiff.

*Robert H. Richards* for defendant.

Superior Court, Sussex County, April Term, 1907.

ACTION OF DEBT (No. 54, October Term, 1901).

Argument had at the October Term, 1906. Opinion handed down at April Term, 1907.

Case stated filed, showing the following facts, viz:

"(1) That Wilbert Masten and Daniel R. B. Masten are the duly qualified executors of the last will and testament of Hezekiah Masten, deceased.

"(2) That John W. Herring is the duly qualified administrator *de bonis non cum testamento annexo* of Sallie A. Masten, deceased.

"(3) That on or about the fourteenth (14th) day of February, A. D. 1887, the said Hezekiah Masten and the said Sallie A. Masten were lawfully married; and the said Hezekiah Masten thereby became the husband of said Sallie A. Masten and said Sallie A. Masten thereby became the wife of said Hezekiah Masten.

"(4) That said marriage continued in force until the day of April, A. D. 1899, at which time the said Sallie A. Masten died.

"(5) That said Hezekiah Masten died on the day of March, A. D. 1901.

"(6) That on the twenty-third day of October A. D. 1897, during the existence of the said marriage relation between the said Sallie A. Masten and the said Hezekiah Masten, the said Sallie A. Masten executed and delivered to the said Hezekiah Masten a certain paper purporting to be a bond, under her hand and seal, a true copy of which said paper is attached hereto and marked 'Exhibit A' and is to be taken as a part of this case stated.

"(7) That neither the amount secured by said bond, to wit, the sum of Three Hundred and Fifty Dollars with lawful interest theron from the date thereof, nor any part thereof, was paid by

the said Sallie A. Masten in her lifetime unto the said Hezekiah Masten; and that neither the said sum nor any part thereof has ever been paid by the present or any other personal representative of said Sallie A. Masten, since her death, either unto the said Hezekiah Masten, in his lifetime, or unto his personal representatives since his death; and that neither the said sum nor any part thereof has ever been paid either unto the said Hezekiah Masten or his personal representatives by any other person or persons for either the said Sallie A. Masten or her personal representatives.

"(8)   That there are assets undistributed now remaining in the hands of the defendant, belonging to and forming a part of the estate of said Sallie A. Masten, sufficient to pay either all or a part of any judgment that may be rendered against the defendant herein.

"(9)   That any judgment that may be rendered against the the defendant shall be binding only upon the estate of said Sallie A. Masten, deceased, and shall not bind the defendant personally.

"If, upon the above statement of facts, the Court should be of the opinion that the said paper purporting to be a bond, a copy of which is hereto annexed and marked 'Exhibit A', upon its execution and delivery by said Sallie A.Masten unto said Hezekiah Masten became and was a valid obligation legally binding upon the said Sallie A. Masten and that the present suit to recover the amount claimed to be due thereon can be maintained by the personal representative of said Hezekiah Masten against the personal representative of said Sallie A. Masten, then judgment shall be rendered for the plaintiff for the sum of Three Hundred and Fifty Dollars with interest thereon from the twenty-third day of October, A. D. 1897; but if the Court should be of the opinion otherwise than as above stated then judgment shall be rendered for the defendant for costs."

The bond above referred to as "Exhibit A" was in the usual form, the consideration of $350 mentioned therein being money borrowed by Sallie A. Masten, wife of Hezekiah Masten, from the latter, "for the purpose of building and completing the house I am now building, situated on the S. E. Corner of Washington and

Fourth Streets in South Milford, Delaware, and further if I fail to pay the amount during my lifetime it shall be collectible out of my real estate, from my executors, administators or assigns and paid to my said husband if he should survive me, if not to be paid to his executors, administrators or heirs or assigns, without defalcation" etc.

BOYCE, J.:—This an action of debt. The facts fully appear in the case stated. Counsel for the plaintiff, in support of his claim of right to maintain the said action, relies upon that part of *Sec.* 9, *Chap.* 550, *Vol.* 14 (*Revised Code*, 600) *Laws of Delaware*, as amended, which provides: "And in any case, a married woman, at the age of twenty-one years, may give a bond, with or without a warrant of attorney, just as if she were a *femme sole.*" And he cited the case of *Warder, Bushnell & Glessner Co. vs. Stewart*, 2 *Mar.* 275, in which the Court held that, under the terms of said act, a married woman may execute a bond to secure a debt not her own. Undoubtedly, the said provision is sufficiently broad and comprehensive to authorize a married woman to give her bond to one other than her husband. But does it authorize her to give a bond to her husband? And if she does, can he enforce a recovery thereon in an action at law against her?

The said act, including the said provision, is in derogation of the common law. It is remedial—the purpose of its enactment being to remove from a *femme covert* certain disabilities existing at common law. And while it is true that a married woman may do those acts and things which the act authorizes her to do, the same as if unmarried, yet the act should not be construed so as to alter or change the common law status of husband and wife beyond its clearly expressed scope and purpose. At common law both husband and wife were under such legal disabilities as that they could not contract with or maintain an action against each other.

If it be conceded, as contended by counsel for the plaintiff, that the provision of the act relied upon, is, in itself, sufficiently comprehensive to authorize a married woman, of the age of twenty-one years, to give a bond to her husband as well as to another,

still it is obvious that the common law disability of the husband to contract with his wife has not been removed by the act, but on the contrary, it still exists. The husband is, therefore, incapable of legally assenting to the execution and delivery of a bond by his wife to him. And he being thus disabled, her bond to him is invalid, and he cannot enforce its collection by an action at law against her.

*White vs. Wagner*, 25 *N. Y.* 328; *Heacock vs. Heacock*, 108 *Iowa* 540.

In the case of *Forbes vs. Thompson*, 2 *Pennewill*, 530, this Court said: "It seems not only illogical, but unwarranted by any rule or canon of statutory construction, to hold that an act passed for the benefit of married women gives the husband the right to sue his wife at law when such power is not clearly conferred by the statute in question."

Our opinion is that the said provision should be construed as clothing a married woman with legal authority to give a bond to another person other than her husband, but as to him she is not in that respect authorized to act as a *femme sole*.

The bond sued upon in this action being invalid from the time of its execution and delivery, the executors of the deceased husband stand in no better position, in an action at law against the administrator of the deseased wife, than the husband would, if living.

We, therefore, order that judgment be entered in favor of the defendant for costs.

NOTE:—The above case was taken to the Supreme Court upon a writ of error, and on January 20, 1909, the said Court, consisting of Nicholson, Chancellor, Lore, C. J., and Grubb and Pennewill, J. J., unanimiously affirmed the judgment of the court below.