CASE 5.—ACTION BY J. B. RUSSELL AGAINST J. A. NEW-
COME FOR DAMAGES FOR ASSAULT AND BAT-
TERY.—March 24, 1909.

# Newcome v. Russell

Appeal from Marion Circuit Court.

I. H. THURMAN, Circuit Judge.

Judgment for plaintiff, defendant appeals—Af-
firmed.

1. Assault and Battery—Defense of Property.—A mere trespass
to realty does not justify the owner of the premises in
shooting the trespasser unless the trespass be accompanied
by acts amounting to an assault on the owner such as would
warrant him in exercising the right of self-defense.

2. Assault and Battery—Defense of Home.—When one's home
is invaded, after a request to desist, he may resort to such
means as are necessary in the exercise of a reasonable judg-
ment to expel the intruder.

H. W. RIVES for appellant.

No brief in the record.

W. W. SPALDING for appellee.

S. S. RUSSELL of counsel.

### POINTS AND AUTHORITIES.

1. It was not error for the court to admit the testimony of
George Lake, Jr., as to a conversation that said Lake had with
appellant on the subject of the shooting.

2. The jury were properly instructed. The court did not err
in refusing to give the instruction offered by appellant.

Roberson's Criminal Law of Kentucky, Vol. 2, p. 755; Mc-
Ilvoy v. Cochran, 2 A. K. Marshall, 276; Ford v. Logan, 2 A.
K. Marshall, 325; Robinson v. Hawkins, 4 T. B. Monroe, 135;
Cox v Cooke, 1 J. J. Marshall, 361; Chain v. Markham, 4
J. J. Marshall, 579; Baker v. Commonwealth, 93 Ky., 302; State
v. Dooley, 121 Mo., 591; State v. Forsythe, 98 Mo., 667; Utter-
back v. Commonwealth, 49 S. W., 482; Commonwealth v. Bul-
lock, 67 S. W., 992; Commonwealth of Massachusetts v. Donahue,
2nd L. R. A., 623.

OPINION OF THE COURT BY JUDGE CARROLL—Re-
versing.

In an action for assault and battery, the appellee recovered a judgment against appellant for $400. The facts are, briefly, these: The parties, who were neighbors, were not on good terms. The ill feeling between them was aggravated by an arrangement made by appellee with a party to pasture some cattle for him. In taking the cattle to pasture, it was necessary that they should be driven through the lands of appellant, who objected to the cattle passing through his premises, and, to prevent them, had fastened his gate on the morning of the day the difficulty out of which the action arose occurred. Appellant's version of the affair is that appellee was attempting to take down or make a gap in appellant's fence for the purpose of letting the cattle through, and, when he objected to the tearing down of the fence, appellee persisted, whereupon he shot him in the leg, which is the assault and battery complained of. Appellee's story is that he was not tearing down the fence to let the cattle through, but, being a cripple, he was obliged to take a few rails off the fence to get over it, and was in the act of getting over the fence and escaping from appellant, who had been threatening and cursing him, when he was shot.

The principal error complained of is in respect to the instructions given and refused. The court instructed the jury: "(1) That if you believe from the evidence that the defendant Newcome on the —— day of June, 1907, not in his necessary or apparently necessary self-defense from death or great bodily harm, then and there about to be inflicted upon him at the hands of the plaintiff, Russell, assaulted, shot, and wounded Russell, you should find for plaintiff and award him in damages such sum as you will believe from the evidence will fairly and reasonably compensate him for any loss of time, or for any impairment of his power to labor and earn money in the future, resulting directly from such assaulting, shooting and wounding; and if you shall believe from

the evidence that said assaulting and wounding was willful, wanton and malicious, you may or not award him punitive damages.  (2) Defendant had the right to protect his property, including his fence, from unnecessary interference on the part of plaintiff; and if you shall believe from the evidence that the plaintiff was unnecessarily taking down defendant's fence, and that defendant in shooting and wounding plaintiff used only such force as was reasonably necessary to prevent plaintiff from so taking down his fence, you should find for the defendant." The appellant, defendant below, offered the following instruction, which was refused:  "The defendant had the right to protect his property, including his fence, from any interference on the part of plaintiff; and if you shall believe from the evidence that plaintiff was taking down defendant's fence, and that defendant in shooting and wounding plaintiff used only such force as was reasonably necessary to prevent plaintiff from so taking down his fence, you should find for the defendant."

It may be well to notice at the outset that appellant did not, in the instruction offered, attempt to justify the shooting upon the ground that it was necessary in his self-defense, but rested his right solely upon the proposition that he had the right, if it was necessary to prevent appellee from taking down his fence, to shoot him.  The force that may be used to prevent a trespass depends upon the circumstances surrounding it. The general rule is that when a trespass, like the one in question, is attempted, the owner of the premises has a right to use such means—saving the taking of human life and the infliction of bodily harm—as in the exercise of a reasonable judgment are necessary to protect his premises or property from forcible invasion. He is not obliged to retreat, but may stand his ground, and defend his property by whatever force short of the taking of human life, or inflicting a serious wound, as is necessary to make

the defense effectual. Bishop on Criminal Law, Secs. 861-875; Wharton on Criminal Law, Sec. 501; Roberson's Kentucky Criminal Law, Sec. 544. In a well-written note to Hannabalson v. Sessions, 93 Am. St. Rep. 250, the editor, supported by numerous authorities, lays it down that: "A mere trespass upon lands of another, even after the trespasser has been warned to depart and has refused, does not justify the landowner in using a dangerous or deadly weapon to resist the trespass; and if the landowner shoots or otherwise injures the trespasser, with a deadly or dangerous weapon, not in his necessary self-defense, he is liable for the damages caused thereby. An assault with a gun or revolver for the purpose of removing a mere trespasser from the premises of the assailant cannot be justified. A man has not the same right in repelling a trespasser from his outlying lands as he has from his residence lot, nor has he any right to take his gun as a means of running a trespasser off from his lands."

The law regards human life too highly to permit it to be imperiled in attempting to prevent so slight a trespass as the one committed by appellee, even if we accept appellant's version of what he did as true. Assuming that appellee persisted in laying down the fence, after he had been requested to desist, his acts did not justify appellant in either shooting or wounding him. Questions like this have been before this court in several cases. In Baker v. Commonwealth, 93 Ky. 302, 19 S. W. 975, 14 R. 185, Baker shot and killed a person who was making, under the most aggravating circumstances, a forcible trespass upon his premises. In considering his right to protect his property, the court said: "The rule upon the subject as applicable to this case is that a person is not bound to retreat when upon his own premises, but may stand his ground and defend his person or property; but he is not justified to take the life of a mere trespasser or do him bodily harm to prevent the mere trespass;

but if a trespass is committed, with the intention of killing or doing the owner of the property great bodily harm if he resists the trespass, in such case the trespass is committed with felonious intention against the owner; and he has the right to stand his ground and kill the felonious trespasser if he has reasonable ground to believe that it is necessary to protect his life or to prevent great bodily harm at the hands of the trespasser." In Utterback v. Commonwealth, 105 Ky. 723, 49 S. W. 479, 88 Am. St. Rep. 328, the court said: "Life cannot be taken to prevent a mere trespass, and on a trial for homicide the guilt or innocence of the defendant does not depend upon whether he was right or wrong in the controversy about the land. Life, in cases like this, can only be taken in self-defense or in the necessary defense of others." In Commonwealth v. Bullock, 67 S. W. 992, 24 Ky. Law Rep. 78, Bullock was indicted for shooting Calvert, who was undertaking to build a fence upon the land of Bullock over his protest. Upon the trial the court instructed the jury that: "Calvert had no legal right to build the fence where he was attempting to build it on the occasion of the shooting, and the defendant, Bullock, had a right to compel him to desist from so doing, and to use such force as under the circumstances seemed to him to be reasonably necessary to compel him to desist." But this court held, following the Utterback Case, that a mere trespass does not justify the owner of the premises in shooting or wounding the trespasser. In McIlvoy v. Cochran, 2 A. K.. Marsh, 271, the court said: "Where the possession is invaded by force in law, and the intruder refuses to depart, or where it is invaded by actual force, force may be employed by the possessor; and, as every forcible laying of hands on another is in legal contemplation a battery, it follows that either mode of pleading an assault and battery may be justified. Notwithstanding, however, an assault and battery may be justified in either mode

of pleading, we apprehend a wounding cannot be justified.'' To the same effect is Robinson v. Hawkins, 4 T. B. Mon. 134; Shain v. Markham, 4 J. J. Mar. 578, 20 Am. Dec. 232.

From this line of authorities, it will be seen that it is the law not only in this State, but everywhere, that a mere trespass upon the premises of another —such as was committed by appellee—will not justify the owner of the premises in either shooting or wounding the trespasser, unless the trespass be accompanied by acts that amount to an assault upon the person of the owner such as would warrant him in exercising the right of self-defense to protect his person. Chapman v. Commonwealth, 15 S. W. 50, 12 Ky. Law Rep., 704. And when this right of self defense exists, his act will be excusable or justifiable as the circumstances may appear—not on account of the trespass alone, but because of the attack upon the person. If the argument of counsel for appellant was declared to be the law, it would shock the good sense of the people of this state, and they would be greatly surprised to learn that a man had the right to shoot a person who, upon outlying premises, was committing the trifling trespass of tearing down a fence. The person aggrieved by a trespass of this nature may resort to such means, not involving life or limb, as may be necessary to prevent the trespass and remove the trespasser from the premises. If these means do not accomplish the desired result, he must resort to the orderly and peaceable methods afforded by the law for the redress of such wrongs. It should be observed that the principle we have announced does not apply to a trespass committed under circumstances of aggravation upon the home of a person. When a man's home is invaded, after a request to desist, the owner may resort to such means as are necessary in the exercise of a reasonable judgment to expel the intruder. Watson v. Commonwealth (Ky.) 116 S. W. 287; Wright v. Common-

wealth, 85 Ky. 123, 2 S. W. 904, 8 R. 718; Estep v. Commonwealth, 86 Ky. 39, 9 R. 278, 4 S. W. 820, 9 Am. St. Rep. 260; Leach v. Commonwealth, 112 S. W. 595, 33 Ky. Law Rep. 1016.

Instruction No. 2 given by the court was more favorable than the appellant had the right to request.

The admission of the testimony of George Lake, Jr., as to the conversation between himself and appellant, a few days after the shooting, was not error. It was competent as an admission by appellant of the purpose for which he obtained from Lake the pistol with which he did the shooting.

The judgment is affirmed.