## Lambert v. Corbin, By, etc.

(Decided March 24, 1922.)

### Appeal from Boone Circuit Court.

1. **Judgment—Failure to Strike from Record—Directing Verdict.—** The failure to strike from the record the name of the next friend of an infant, who pending the suit has attained his majority, does not invalidate the judgment rendered or authorize a directed verdict against the infant.

2. Infants—Abatement of Action.—When an action of an infant is brought by his next friend the infant is himself the plaintiff and upon his becoming of age the next friend is no longer a necessary party and the action as to him is abated.

3. Assault and Battery—Punitive Damages—Instructions.—Opprobrious words or epithets do not justify an assault but are competent in evidence in mitigation of punitive damages. Evidence examined and held to warrant the giving of an instruction as to punitive damages.

4. Assault and Battery—Damages—Excessive Damages.—A verdict for $500.00 for assault not excessive in view of the facts and circumstances shown in this case.

5. Appeal and Error—Argument of Counsel.—Misconduct of counsel in the concluding argument to the jury available as error on appeal must clearly appear in the record. The court will not draw inferences from it by interpolating words not spoken or consider preceding statements not properly incorporated into the record.

O. M. ROGERS for appellant.

JOHN B. O'NEAL for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

Appellee, Charles Corbin, recovered a judgment for $500.00 against appellant, Philip Lambert, for an assault committed on the appellee on October 2, 1918, in the town of Florence, in Boone county. To reverse that judgment this appeal is prosecuted.

The first contention is that the trial court erred in refusing to instruct the jury to find for the defendant at the conclusion of all the evidence. It is not said that there was not sufficient evidence to take the case to the jury on its merits, but it is argued that, as the suit was brought in the name of appellee by his next friend and appellee had arrived at the age of twenty-one before the trial and the name of the next friend was not stricken from the proceedings, the motion should have prevailed. This contention in our opinion is not maintainable. Section 35, subsection 3 of the Civil Code provides that suits of an infant, in certain designated cases, must be brought by his next friend. However, in all such cases the infant is himself the plaintiff. This was held in Clemments v. Ramsey, etc., 9 Ky. L. Rep. 172. Upon the appellee's becoming of age the next friend was no longer a necessary party and the action as to him abated. The appellee having been the plaintiff from the inception of the action, the fact that the next friend's name was not stricken from the pro-

ceeding did not in our opinion invalidate the proceeding or entitle appellant to a directed verdict.

Another complaint is that the court erred in giving to the jury an instruction as to punitive damages. This may be considered in connection with the contention that the damages awarded are excessive.

A few days before the assault complained of appellee was employed with Dr. Frank Sayre to post some liberty loan signs in the town of Florence. Appellant, who was born in Germany and moved to this country when he was twenty-three years of age, owned and operated a blacksmith shop and garage at Florence, and appellee with Dr. Sayre came to him and requested to be allowed to post signs in his shop and garage. He readily acceded to the request. In posting other signs in the vicinity Sayre and appellee tore down a sign, advertising Gillette tires, which appellant had posted at the fair ground. Ascertaining that the sign had been torn down appellant sent for appellee, who was twenty years of age, and remonstrated with him for tearing down the sign, whereupon appellee said to appellant, "Everybody knows you." This statement was repeated several times in appellant's shop. It was evidently meant as an imputation of disloyalty to the government and was so construed by appellant, since, as he says, he had heard rumors of that kind through his children who were attending school. The evidence tends to show that during that conversation appellant threatened to slap appellee. After the conversation in the shop appellee stepped across the street and was standing in front of his residence when appellant crossed to him and asked him what he meant by saying, "Everybody knows you." Appellee replied that he meant what he said that everybody did know appellant and told him, "to let it drop." Insisting on an explanation of the insinuation, which was not given but was repeated, appellant threatened to have appellee in court at 10:00 o'clock the following morning, and appellee responded that he might not be up at that time and appellant should make it 11:00. Thereupon appellant said, "You are not working anyhow, you are a damn slacker," and appellee retorted, "I would rather be a slacker than a damn pro-German." Immediately appellant struck appellee twice. The blows were not severe and the injury sustained by appellee was slight.

Had the striking occurred at appellant's shop we would readily concur in the contention that an instruction

as to punitive damages was unauthorized. But the insinuation first thrown out by appellee at the shop, however unjust, did not authorize appellant to follow up the matter and re-engage appellee in a conversation with the view of obtaining an explanation of the remarks. That he had great provocation for so doing is unquestioned. Opprobrious words or epithets do not justify an assault but are competent in evidence in mitigation of punitive damages. (Wood, By, etc. v. Young, 20 Ky. L. Rep. 1931; Carson v. Singleton, 23 Ky. L. Rep. 1626; Doerhoefer v. Shewmaker, etc., 123 Ky. 646; Shields' Admr. v. Rowland, 151 Ky. 136; Crabtree v. Dawson, 119 Ky. 148; 67 L. R. A. 565.) In view of the fact that appellant crossed the street to renew the altercation we are unable to say that there was not sufficient evidence of malice to warrant the giving of an instruction on punitive damages. And this is true, notwithstanding the striking followed a reiteration of the insinuation. The instructions authorized the jury in their discretion to award punitive damages and also authorized them to consider the provocative remarks of appellee in mitigation of any such damages awarded. In this respect they were correct and there is no other criticism of their form or legal effect.

Nor are we able to say that the verdict is excessive. In cases of this kind the law allows compensation for physical injury, pain and suffering and also for any humiliation suffered. While there might well be a radical difference of opinion as to whether appellee was entitled to any compensation, that was for the jury to determine and an award of $500.00, representing compensatory and possible punitive damages, cannot be deemed excessive. The damages awarded are not so large as to warrant a reversal of the judgment.

It is insisted that counsel for appellee in the closing argument to the jury was guilty of misconduct. If it appeared in the record that counsel indulged in the argument interpolated into the objectionable statements complained of we would not hesitate to set aside the verdict. It may be that the alleged objectionable statements were preceded by others which justified inferences, identical with the words interpolated into the statements. But the record fails to show any such preceding argument and we are not warranted in indulging the presumption that there was such an argument and that the language objected to had reference to it. In a number of cases this court has unhesitatingly condemned improper concluding

arguments in which the issues were confused and the prejudices and passions of the jury appealed to with the view of influencing the verdict. But in every such case the misconduct clearly appeared in the record and was not left to surmise or speculation. The language complained of here standing alone was not improper and does not authorize a reversal of the judgment. In the absence of facts showing that the inferences to be drawn from it are as stated by counsel, it cannot be held prejudicial.

An examination of the record discloses no errors prejudicial to the rights of appellant. The verdict of the jury seems large in the circumstances but is not so large as to authorize a reversal of the judgment. It is, therefore, affirmed.