## Gargotto v. Isenberg.

(Decided June 14, 1932.)

494

J. C. CLOYD and E. PAUL DENUNZIO for appellant.

W. L. ROGERS for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

In this action by William D. Isenberg against Peter M. Gargotto for assault and battery, Isenberg recovered a verdict and judgment for $1,150, and Gargotto appeals.

At the time of the assault, Gargotto operated a pool room at 207 West Jefferson street in the city of Louisville. According to Isenberg and his witnesses, he and others had been playing rum in the back end of the pool room. After losing a few cents he went out and borrowed some money from a friend. He then returned to the game, and Gargotto, who was dealing the cards, dealt around him. He asked Gargotto if he was going to deal him in. Gargotto said, "No, not for no quarter or half dollar, get out of here, I don't want you in here anyway." He suggested to Gargotto that they had better go out on the street where it would be different. Gargotto called him a name, grabbed him by the shirt collar, and started pulling him around to the door that goes back in the poolroom. He asked Gargotto to stop, saying that he would go home. Gargotto turned him loose just as they got clear of the door. There was a pool rack near by, and Gargotto grabbed a cue out of the rack and hit him over the head with it, knocking him part of the way down. He caught the side of the pool table with his right hand and went to his knees. The lick broke the cue stick and Gargotto grabbed another cue and hit him with it on the elbow, breaking his arm. At the time he had no weapons of any kind on his person and made no attempt to harm Gargotto. According to Gargotto and

his witnesses, Isenberg on his return was drunk and disorderly, and cursing everybody, and said, "I am going to play or break up the game." Gargotto told him to take a walk and come back later. Gargotto then took hold of him and attempted to lead him out. When they got even with the partition Isenberg called him a vile name and said, "To hell with you." He then started for his pocket and swung Gargotto against the rack. Gargotto grabbed a cue stick and hit him, and then grabbed another and hit him a second time. Gargotto struck him because he was coming toward him with his hand in his pocket and he believed he was in danger. On cross-examination Gargotto stated that the cue sticks were light, weighing from 14 to 16 ounces, and he supposed the ends were leaded. He struck Isenberg with the big end. He first broke one of the cue sticks over his head, and then got another and hit him again.

The court refused to give the following instruction offered by appellant:

"The defendant under the law had the right to use such force as was necessary or appeared to him in the exercise of a reasonable judgment to be necessary to remove the plaintiff from his place of business and if you find from the evidence that he used no more force than was necessary to eject him, you will find for the defendant."

The point is made that, even if the offered instruction was incorrect in form or substance, the court should have given a correct instruction on the subject attempted to be covered. The situation was this. Appellant was the keeper of a house of public entertainment, and, if it be true that appellee was drunk and disorderly, appellant, on appellee's refusal to leave after being requested to do so, had the right to use such force as was necessary, or appeared to him in the exercise of reasonable judgment to be necessary, to eject appellee from the premises, but he had no right to wound appellee except in protection of his own person. Coats v. Commonwealth, 191 Ky. 521, 230 S. W. 947; Newcome v. Russell, 133 Ky. 29, 117 S. W. 305, 22 L. R. A. (N. S.) 724; McIlvoy v. Cockran, 2 A. K. Marsh. 271; Stacey v. Commonwealth, 189 Ky. 402, 225 S. W. 37, 25 A. L. R. 490; Robinson v. Hawkins, 4 T. B. Mon. 134; Shain v. Markman, 4 J. J. Marsh. 578, 20 Am. Dec. 232. Doubtless, in some in-

stances it is proper to give a prefatory instruction explaining the right of the defendant to protect his premises, or to expel an intruder to the end that the jury may not be misled into believing that he was the aggressor, Watson v. Commonwealth, 132 Ky. 46, 116 S. W. 287, but we are not inclined to the view that the refusal of the court to give such an instruction was prejudicial under the facts here presented. Appellant does not claim that he struck appellee twice with a billiard cue for the purpose of ejecting him, and, even if he had, he could not justify on that ground. His sole contention is that appellee was about to attack him and he struck appellee because he believed himself in danger. As the issue of self-defense was submitted by an instruction not subject to complaint, and as the evidence clearly shows that in attempting to repel the alleged attack by appellee, appellant used more force than was necessary, or appeared to him in the exercise of a reasonable judgment to be necessary, to protect himself from bodily harm at the hands of appellee, it is not perceived how the refusal of the court to give an instruction of the kind indicated could have affected the result.

Appellant also complains of the giving of the following instruction:

> "I further instruct you that words do not justify an assault, and that neither the plaintiff Isenberg nor the defendant, Gargotto, had the right to strike or attempt to strike the other because of any words that were used by either."

It is insisted that the instruction should not have been given at all, but, if given, the court should have added that the opprobrious words or epithets were admissible in evidence in mitigation of punitive damages. It is the law that opprobrious words or epithets do not justify an assault, Lambert v. Corbin, 194 Ky. 373, 239 S. W. 453, and, as each of the parties claim that the other applied opprobrious epithets to him, it is at once apparent that the instruction gave neither any advantage, and was correct as far as it went. It is true that, in all civil actions for assault, or assault and battery, the defendant has the right to plead as a defense to the claim for punitive damages, and to introduce in evidence, in mitigation of such damages, any matter of provocation which preceded the assault, or assault and battery, if the matter of provocation prompted the assault, or assault and bat-

tery, and was of a nature to cause a person of ordinary prudence and judgment to take the action taken by the defendant. Section 73a-1, Kentucky Statutes. Renfro v. Barlow, 131 Ky. 312, 115 S. W. 225. Of course, where there is such a plea, and it is supported by evidence, it is proper to give an offered instruction on provocation. Roberson v. McKinley Woodfork, 155 Ky. 206, 159 S. W. 793; Louisville R. Co. v. Frick, 158 Ky. 450, 165 S. W. 649; but where, as here, provocation was not pleaded, an instruction on that issue would not have been proper. Barth v. Stewart, 229 Ky. 840, 18 S. W. (2d) 275.

Judgment affirmed.