In the Matter of the Mortgage of VIRGINIA JOSEPHINE MIKOLA-JEWSKI and CHARLES A. MIKOLAJEWSKI.

(*September* 27, 1951.)

HERRMANN, J., sitting.

*Robert C. Barab* for Petitioner, Joseph Gwiazda.

*Newton White* for Respondent, Joseph Gwiazda, Administrator of the Estate of Frances Gwiazda.

*Joseph H. Flanzer* for Respondent, Virginia Josephine Mikolajewski.

Superior Court for New Castle County, No. 115, Civil Action, 1951.

HERRMANN, J.:

Theoretically at least, this is an adversary proceeding between a husband and the administrator of his wife's estate, based upon an alleged contract between the husband and wife. I am of the opinion that such an action is not cognizable in this Court.

At common law a contract between husband and wife was invalid and unenforceable. The *Married Women's Act* of this State, which removed many of the common-law disabilities of married women, appears at *Paragraph* 3541, *Revised Code of Delaware* 1935, and provides as follows: "The property of a married woman, whether real, personal or mixed, and choses in action which she may have acquired in any manner, and all the income, rents and profits thereof, shall be deemed to be her sole and separate property and she may sell, convey, assign, transfer, devise, bequeath, encumber or otherwise dispose of the same, and she may contract jointly (including with her husband) or separately, sue and be sued, and exercise all other rights and powers, including the power to make a will, which a *femme sole* may do under the laws of this State; * * *."

The primary question for determination is whether this Statute has removed the common-law disability of a married woman to contract with her husband.

With respect to the rights and liabilities of a married woman as to persons other than her husband, the *Married Women's Act* has been held to be a remedial statute and, therefore, one

to be liberally construed, *Heitz v. Sayers*, (1923) 2 *W. W. Harr.* 207, 121 *A.* 225; *Industrial Trust Co. v. Cantera*, (1933) 5 *W. W. Harr.* 364, 165 *A.* 338. With respect to the rights and liabilities of a married woman as to her husband, however, this Court is committed to a strict construction of statutes in derogation of the common law.

In *Masten v. Herring*, (1907) 6 *Penn.* 282, 66 *A.* 368, affirmed by the Supreme Court of Delaware, see 6 *Penn.* 286, this Court had for consideration a statute which provided: "and in any case, a married woman above the age of twenty-one years may give a bond with or without a warrant of attorney, just as if she were a *femme sole*". 14 *Del. Laws, c.* 550, § 9, *Rev. Code* 1852, as amended in 1893, p. 601. Applying the rule that a statute should not be construed so as to alter or change the common-law status of husband and wife beyond the clearly expressed scope and purpose of the act, this Court held that the statute in question did not change the common law as to contracts between husband and wife and that a bond given by a wife to her husband was invalid and unenforceable at law.

A provision of our *Married Women's Act* was construed in *Plotkin v. Plotkin*, (1924) 2 *W. W. Harr.* 455, 125 *A.* 455, 456. There this Court had for consideration the portion of the Statute which provides that a married woman may "sue or be sued". Notwithstanding the absence of any qualification of the broad language of the Statute, this Court concluded that a husband may not sue his wife at law in this State because "it is not clearly expressed by the provisions of the statute in question, that the Legislature intended to confer upon a husband and wife the right to sue each other".

The instant case requires examination of that portion of *Code Paragraph* 3541 which states that a married woman "* * * may contract jointly (including with her husband) or separately * * *". If the words "including with her husband" appeared after the word "separately" there would be no problem here. If that were the case, it would be apparent that the Legislature

had expressly conferred upon a wife the right to contract with her husband. As the language stands, however, there is ambiguity and it is necessary to construe the statute.

In so doing, I am constrained to apply the strict rule of construction adopted in the *Masten* and *Plotkin* cases, without regard for the many changes in social and economic concepts which have occurred since those cases were decided. By the application of that rule, it follows that the right of a wife and her husband to contract with each other is not expressly granted in *Code Paragraph* 3541; that, therefore, the common-law disability remains as to contracts between husband and wife; and that, accordingly, such contracts are not enforceable at law.

If this result seems repugnant in view of present-day conditions, the Legislature must provide the remedy. While elasticity is desirable for the growth of the law, consistency of judicial approach is, I think, essential for its stability.

There remains the question as to whether the petitioner may, after his wife's death, avail himself of his alleged contract with her by bringing an action against her personal representative. The law in this State on this point seems settled. In *Spruance v. Equitable Trust Company*[2], 12 *Del. Ch.* 12, 103 *A.* 577, 578, which was an action for money brought by a wife against the executor of her husband's estate, the Chancellor stated: "There is no difficulty as to the jurisdiction of this court to decide the questions raised. Elsewhere the disability of husband and wife to make contracts is said to exist only during coverture, and that upon the termination thereof by death, or divorce, the contractual rights may be enforced, in the former case by or against the representative of the deceased spouse. But such is not the law in Delaware. * * *" (Citing *Masten v. Herring, supra.*)

---

[2]This case was decided in 1918. *The Married Women's Act, Code Paragraph* 3541, was enacted in 1919. Thus, this case does not constitute a holding under our existing statute as to the ability of husband and wife to contract with each other.

See also *duPont v. Wilmington Trust Co.*, (1946) 29 *Del. Ch.* 7, 45 *A.* 2d 510.

I hold, therefore, that the alleged contract, upon which the petitioner has founded the instant proceeding, is unenforceable in this Court.

Accordingly, the Rule will be discharged and the Petition dismissed.