**McCOY v. TAYLOR TIRE CO. et al.**

Court of Appeals of Kentucky.

Feb. 6, 1953.

Owen S. Lee, Strother Kiser, Lexington, for appellant.

Stoll, Keenon & Park, Harbison, Kessinger, Lisle & Bush, Lexington, for appellees.

WADDILL, Commissioner.

Allen McCoy, by his next friend, brought this action for civil assault against appellees, Lee Taylor and the Taylor Tire Company. Upon the jury's verdict for appellees, judgment was entered dismissing the petition. McCoy prosecutes this appeal.

The appellant was a youth of 17 years of age at the time the alleged assault took place, who only a few months previously had left his home on a farm to look for work in Lexington. He rented a room and took a job at a grocery store near the place of business of the Taylor Tire Company. He became acquainted with some of the younger employees there and spent much of his leisure time loafing in appellees' automobile repair shop. After midnight, a few nights before he was injured, appellant asked Howard Smith (Smitty), one of the employees of appellee, if he could sit in a car on the garage parking lot until 6:00 a. m. when he was due at work. The reason given was that he had left his door key at his rooming house and was reluctant to wake his elderly landlady at that hour. At about 5:30 a. m. a police car stopped near the car in which he was trying to sleep and a policeman asked him what he was doing there. The policeman told him it wasn't a good idea to sleep in cars and McCoy left to go to work. He was embarrassed by the incident and was certain that "Smitty" had asked the officer to challenge him as a joke.

Two nights later, June 12, 1950, around 10:00 p. m. after Allen McCoy had drunk "a couple of beers" as he testified, he went to the Taylor Tire Company and got into an argument with "Smitty" in which blows were struck and angry words were exchanged. Appellee, Lee Taylor, co-owner of the business, was upstairs in the building when he heard the commotion caused by the scuffle which was taking place downstairs. When Taylor arrived on the scene, he saw McCoy being pushed out the door by several of the garage employees. McCoy was angry and cursing and showed no inclination to leave the premises. Instead, he manifested his determination to continue the fracas with "Smitty." Taylor approached McCoy, who was standing outside by the gasoline pumps, telling him to go

home before he got hurt. There is conflicting testimony as to whether McCoy was in some degree intoxicated, whether he was cursing Taylor, and also whether McCoy came forward to assault Taylor or to enter the building. Taylor fired a tear gas "pencil" at McCoy from a distance of between four and six feet, and McCoy immediately fell to his knees and began rubbing his eyes, and asking for a doctor. Some of the material projected from the gas pencil had struck McCoy in his eyes. They carried him inside and put him on a couch and someone bathed his face and eyes with a wet cloth. They told him he would be all right in a couple of hours and "Smitty" drove him home in his car. Appellant testified that he suffered intense pain from his injured eyes and could not sleep. The next day he was still unable to see and was taken to a hospital by his uncle.

The medical testimony shows that appellant was hospitalized for over a week and remained under a doctor's care for several months; that the right eye is not now affected, but that the vision in the left eye is permanently impaired in some degree.

Appellant urges several grounds for reversal, but since we find merit only in the one relating to the instructions, we find it unnecessary to discuss the other alleged errors.

Instruction No. 6, under which the jury found for appellee, reads as follows:

"The Court instructs the jury that if it shall believe from the evidence that at the time and upon the occasion referred to in the evidence the plaintiff, Allen W. McCoy, entered the office of the defendant, Taylor Tire Company, in an intoxicated condition for the purpose of engaging in a fight with one of the employees of the defendant, Taylor Tire Company, and that an altercation followed between the said plaintiff, McCoy, and one of the employees of defendant, Taylor Tire Company, and that thereafter the plaintiff, McCoy, was requested to leave the premises of the defendant, Taylor Tire Company, by any employee of the defendant, Taylor Tire Company, but that said plaintiff remained on said premises and refused to leave same; and if the jury should further believe that the defendant, Lee Taylor, in order to evict the plaintiff from said premises used only such force as was necessary, or appeared to him in the exercise of reasonable judgment to be necessary, to evict plaintiff from the premises, then the jury should find for the defendants, Taylor Tire Company and Lee Taylor."

While it is generally true that a landowner or possessor may use that degree of force necessary, or that appears to him to be reasonably necessary under the circumstances to eject an unwelcome trespasser from his premises, he is not justified in using any excessive force or weapon calculated to cause serious bodily injury where only his property is threatened, and he will be liable for any injury so inflicted unless in the course of trying to evict the intruder from the premises or prevent his entry, the possessor or his family or his servant is assaulted by the intruder and he then acts in his own defense or in the defense of another. Gargotto v. Isenberg, 244 Ky. 493, 51 S.W.2d 443; Newcome v. Russell, 133 Ky. 29, 117 S.W. 305, 22 L.R.A., N.S., 724; McIlvoy v. Cockran, 2 A.K. Marsh. 271, 9 Ky. 271; Prosser on Torts, Ch. 4, Section 21, pp. 133–137.

Under the evidence adduced at the trial it is apparent that the use of a tear gas "pencil," which fires .38 caliber tear gas cartridges, under the circumstances appellee used it in this instance exceeds the degree of force which a person may use to eject an unwelcome trespasser from his premises. For this reason instruction No. 6 given at the trial was prejudicially erroneous.

As there will likely be a retrial, we approve the instructions given with the exception of instructions 5 and 6 and direct the court to give the following instruction in lieu of instructions 5 and 6 in the event that the evidence is substantially the same:

The court instructs the jury that under the evidence Lee Taylor had the right to eject the plaintiff from the Taylor Tire Company premises using such force as was

reasonably necessary to accomplish that purpose. But Lee Taylor did not have the right in doing so to inflict bodily harm upon the plaintiff unless you believe from the evidence that in the course of attempting to eject the plaintiff from the premises, Lee Taylor had reasonable grounds to believe, and in good faith did believe, that the plaintiff was then and there about to inflict upon him bodily harm and that Taylor used no more force than was necessary or appeared to him in the exercise of a reasonable judgment to be necessary to protect himself from bodily harm, real or to him apparent, at the hands of the plaintiff, in which event you will find your verdict for the defendant.

Judgment reversed.