■ INSURANCE COMPANY OF NORTH AMERICA, INC., as Subrogee of ANN PEPPERS, Respondent-Appellant, v. HOLIDAY INNS OF AMERICA, INC., Appellant-Respondent.— Cross appeals from an order of the Supreme Court at Special Term, entered November 4, 1971 in Saratoga County, which granted plaintiff's motion insofar as it sought to strike a statutory defense interposed by defendant's answer and denied the motion in all other respects. This appeal involves the liability of an innkeeper for jewelry which was missing from a guest's room. On August 10, 1968 jewelry valued in excess of $35,000 was found to be missing from a guest's room at appellant's motel in Saratoga Springs. After investigation, respondent paid $35,000 pursuant to an insurance policy and became subrogated to any claims the guest had against appellant. Respondent then sued appellant alleging two causes of action, the first based upon an innkeeper's common-law liability as insurer of a guest's property, and the second grounded on negligence. Appellant's answer set up section 200 of the General Business Law and the alleged negligence of the guest as defenses to the action. Respondent moved to dismiss the affirmative defense asserting that appellant had not fully complied with the posting requirements of section 200. This statute provides that an innkeeper may limit his liability by providing a place for the safekeeping of designated valuables and by informing the guests thereof " by posting a notice stating the fact that such safe is provided * * * in a public and conspicuous place and manner in the office and public rooms, and in the public parlors of such hotel, motel, or inn ". The statute further provides that the innkeeper shall be relieved of liability in the event a guest neglects to deposit his valuables in such safe. In support of its motion, respondent introduced the transcript of the examination before trial of appellant's general manager. This testimony clearly indicated that appellant had not posted the required notice in all of the public rooms of the motel, although such notices were posted in the guest rooms. In opposition, appellant submitted only the affidavit of its attorney, which was not based on personal knowledge and asserted no evidentiary facts. Special Term properly found that this affidavit was of no probative value (*Israelson* v. *Rubin*, 20 A D 2d 668, affd. 14 N Y 2d 887). On this appeal, appellant urges that the defense based on section 200 should not have been dismissed because there were unresolved questions of fact. This contention is without merit. No facts have been alleged which would tend to establish the existence of the statutory defense. We have examined the remainder of appellant's contentions and find them to be without merit. Order affirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Kane and Reynolds, JJ., concur.