**SKYWAYS MOTOR LODGE, CORP., a Delaware Corporation, Defendant Below, Appellant,**

v.

**GENERAL FOODS CORPORATION, a Delaware Corporation, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted April 12, 1979.

Decided May 29, 1979.

Richard W. Pell, of Tybout & Redfearn, P. A., Wilmington, for defendant-appellant.

John T. Owens, of Walsh, Monzack & Owens, P. A., Wilmington, for plaintiff-appellee.

Before HERRMANN, C. J., McNEILLY and HORSEY, JJ.

PER CURIAM:

General Foods Corporation sued Skyways Motor Lodge, Corp., seeking damages for the loss of certain airplane parts, the property of the plaintiff. The airplane parts were stolen from a motel room in the Skyways Motor Lodge which was occupied by an employee of General Foods, a paying guest at the Motor Lodge. Liability was grounded on the theory that Skyways had breached its common law duty as an innkeeper to safeguard a guest's chattels. Summary judgment on the issue of liability was granted to General Foods on the ground that Skyways had not complied with the notice requirements of 24 *Del.C.* 1502,[1] a statute enacted in 1915 for the

---

1.  24 *Del.C.* § 1502 provides:
    "Whenever the proprietor of any hotel, inn or boardinghouse provides a good, sufficient and

secure safe or vault in the office or other convenient place in such hotel, inn or boardinghouse for the safe keeping of any money,

purpose of limiting the common law liability of innkeepers.[2]

## I.

When the plaintiff's employee checked into the Motor Lodge, he signed a guest registration card on the bottom of which was printed in very small type: "Money, Jewels and Valuables Must Be Deposited In The Office Safe Otherwise The Proprietor Will Not Be Responsible For Any Loss." The evidence indicated that the employee did not notice this notice because of the fine print. The plaintiff's employee proceeded to his assigned motel room with the box of airplane parts. The next morning, upon leaving the room, he left the box in the room on a luggage rack. When he returned to the room, the box of airplane parts was gone. At that time, the plaintiff's employee first noticed a sign posted on the back of his motel room door. On the sign the room rates were set out and, at the bottom of a section entitled "Rules And Regulations", there appeared, in small type: "All moneys, jewelry, coats, valises, and other valuables must be left at the office and checks received therefor; otherwise the proprietor will not be responsible for any loss." The text of 24 *Del.C.* § 1502 followed.

## II.

Skyways contends that the notice it provided was either adequate as a matter of law or, in the alternative, presented a question of fact for the jury; that, therefore, the grant of summary judgment to General Foods was error. We disagree and affirm the judgment of the Superior Court.

As 24 *Del.C.* § 1502 seeks to notify the common law, it will be strictly construed.

*In re Mikolajewski,* Del.Super., 83 A.2d 750, 751 (1951). It follows that, in order to gain the Statute's protection, an innkeeper must comply meticulously with its requirements.

In this case, Skyways was in non-compliance in two ways:

Section 1502 requires, *inter alia,* notice of the existence of a "secure safe or vault" in which valuables may be deposited. Since the notice on the guest's motel room door did not advise him of the existence of such safe or vault, there was failure to comply with that express provision of the Statute.

Furthermore, Skyways failed to comply with the requirement of § 1502 that it post the requisite notices "in every lodging room and other conspicuous places". It is undisputed that the required notice appeared only on the guest registration card and the room door; that, therefore, the defendant failed to comply with the Statute's requirement. (Cf. *Insurance Co. of No. Amer., Inc. v. Holiday Inns, Inc.,* 40 A.D.2d 885, 337 N.Y.S.2d 68 (1972)).

We hold, therefore, that Skyways was not entitled to the Statute's protection against an innkeeper's absolute liability at common law for the loss of the chattels of his guest. Without this statutory protection,

> "[a]n innkeeper is like a common carrier, an insurer of the goods of his guest. When such liability is the subject of an action, he is deemed in law to be *prima facie* responsible; so that if a plaintiff proves himself a guest, in a legal sense, and sustains a loss while that relation exists, the innkeeper's obligation to pay for it at once becomes perfect, unless he

goods, jewelry and valuables belonging to the guests and boarders of such hotel, inn or boardinghouse, and notifies the guests and boarders thereof, by placing in every lodging room and other conspicuous places printed cards or notices stating the fact that such safe or vault is provided in which such goods, jewelry and valuables may be deposited and that the proprietor or proprietors thereof will not be responsible for such money, goods, jewelry and valuables unless deposited in such safe or vault, and if such guest or boarder neglects to deposit

such money, goods, jewelry or valuables in such safe or vault, the proprietor shall not be liable for any loss of such money, goods, jewelry or valuables sustained by such guest, by theft or otherwise."

2. At common law, "where the relation of guest in an inn exists . . . the innkeeper is absolutely liable for all loss or damage to the property of the guest . . ." *Russell v. Fagan,* Del.Super., 8 A. 258, 260–61 (1886).

can show that loss occurred by the act of God, the enemies of the country, or the fault or misconduct of the plaintiff or his servants, or friends of his company . . . This is apparently hard law; but were it otherwise the property of guests at an inn would be in such insecurity . . . that the necessity of travel would be encountered with dread and apprehension."

*Russell v. Fagan,* Del.Super., 8 A. 258, 261–62 (1886).

\* \* \* \* \* \*

AFFIRMED.