Anthony LATINI and Joan Marie Latini, Plaintiffs,

v.

LOEWS CORPORATION and LRI, Inc., Defendant.

No. 85 Civ. 3275 (PNL).

United States District Court, S.D. New York.

April 8, 1987.

Rein, Mound & Cotton, New York City, Wayne R. Glaubinger, of counsel, for plaintiffs.

Semel & Boeckmann, New York City, Elisa Schaefer Brickell, of counsel, for defendant.

LEVAL, District Judge.

Plaintiffs Anthony and Joan Marie Latini seek reimbursement for the loss of their possessions while guests at the Regency Hotel in March 1983. Defendants Loews Corp. and LRI, Inc. move for summary judgment, contending that their hotel is exempt from liability under New York General Business Law § 200 (McKinney's Supp.1985). Plaintiffs cross-move to strike the affirmative defense. The motions are denied.

BACKGROUND

The Latinis stayed at the Regency Hotel while in New York City on business in March 1983. In addition to preregistering, they checked in at the registration desk upon their arrival on the night of March 8th. They checked out at 12:30 p.m. the next day. During their stay, they left their room unattended for less than four hours.

Mrs. Latini noticed that her purse was missing before she checked out. Instead of informing the hotel personnel immediately, she decided to recheck her belongings when she returned home to Philadelphia. After confirming that the purse was indeed missing, she concluded that it had been removed from her luggage during her stay at the Regency. At this point, she contacted the hotel.

The complaint alleges that jewelry worth $24,345.00 was taken from the plaintiffs' hotel room because of the defendants' failure to properly secure the premises. Defendants advance as an affirmative defense

the availability of safety deposit boxes for the valuables of its guests. Notice of this service is provided in preregistration information and by 23 posters throughout the hotel. Two posters are located at the registration desk, one at the cashier's desk, and one on each floor of the hotel near the elevators. Plaintiffs contend that the two posters behind the registration desk were obstructed and that they were never made aware of the safety deposit boxes.

## DISCUSSION

Under § 200 of the New York General Business Law, a hotel that makes safes available for storing guests' valuables may have its liability for loss of unstored valuables limited to $300. Section 200 extends such protection when the hotelkeeper

> notif[ies] the guests ... by posting a notice stating the fact that such a safe is provided ... in a public and *conspicuous* place and manner in the office *and* public rooms, *and* in the public parlors of such hotel....

(Emphasis added).

 This drastic curtailment of liability under common law applies only if the hotelkeeper strictly adheres to the statutory provisions. *E.g., Goncalves v. Regent Int'l Hotels, Ltd.,* 58 N.Y.2d 206, 460 N.Y.S.2d 750, 754, 447 N.E.2d 693, 696 (1983). Accordingly, providing notice on the registration card and through postings in the public rooms and public parlors is insufficient where the hotelkeeper does not also post the notice "in the office ... of such hotel." *Epp v. Bowman-Biltmore Hotels Corp.,* 171 Misc. 338, 12 N.Y.S.2d 384, 386–87 (Mun.Ct.City N.Y.1939); *see also Insurance Co. of North America, Inc. v. Holiday Inns of America, Inc.,* 40 A.D.2d 885, 337 N.Y.S.2d 68, 69–79 (3d Dep't 1972) (notice posted in guest rooms but not all public rooms insufficient).

 The hotel had a notice posted on the wall at each side of the registration desk, since a guest may check in on either side. Mr. Latini states, however, that he and his wife never saw the notices because they were obscured by mail on one side and a vase of flowers on the other.[1]

A photograph taken by Mr. Latini and the testimony of Owen Boyce, a security officer at the hotel, confirm that there is a vase of flowers on the left side of the registration desk. Boyce depo. p. 16; Ex. C to Glaubinger aff. Mr. Boyce denied that the flowers obstruct guests' view of the sign. The photograph suggests otherwise.[2]

Defendants argue that the photograph is meaningless because it was taken after the Latinis' stay at the hotel. Mr. Boyce testified that the flowers are changed every day, but defendants have submitted no evidence that the vase or its placement have changed since March 1983. Indeed, defendants' witnesses are uncertain where the notices themselves were posted during the Latinis' stay. Hoyt depo. pp. 36–37, 44; Boyce depo. p. 27; *but see* Hoyt depo. p. 21. Accordingly, Mr. Latini's statement and photograph raise a material issue as to whether the notice was "conspicuous."

Defendants have not met their burden of establishing the affirmative statutory defense. Their motion for summary judgment is denied. Plaintiffs' motion to strike the affirmative defense is also denied.

---

**1.** Defendants concede that the poster at the cashier's desk was around the corner and not visible from the registration desk.

**2.** Mr. Latini's photograph also shows a folder with mail on the right side of the registration desk. Defendants witnesses are unclear as to whether that folder was on the registration desk during the Latinis stay. Hoyt depo. p. 39; Boyce depo. pp. 51–52. The photograph does not support Mr. Latini's assertion that the mail obstructed the poster. Nonetheless, there is no showing that this poster was conspicuous to guests who checked in on the left side of the registration desk. Moreover, defendants' witnesses leave open the possibility that the position of the poster or the mail may have been different in March 1983. Boyce depo. pp. 27, 51; Hoyt depo. pp. 36–37, 44.