### Pollard v. Vandivir.

(Decided March 25, 1930.)

C. E. RANKIN for appellant.

R. L. BLACK and C. C. BAGBY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—
Affirming.

On the late afternoon of August 15, 1928, there was a personal encounter between appellee and plaintiff below, Richard Vandivir, and appellant and defendant below, B. F. Pollard, on a sidewalk in Harrodsburg, Ky., immediately in front of the laundry operated by defendant. As a result thereof, plaintiff was severely injured, and, according to the undisputed testimony, he was to a considerable extent permanently impaired; the injuries sustained by him being a laceration on the back of the head, several severe bruises on his face and one on his chest, with a "basal fracture of the brain," from all of which the only physician who testified in the case gave it as his opinion that plaintiff was permanently injured, and all of which, according to the clear preponderance of the evidence, was produced by defendant in striking plaintiff a number of times and knocking him out in the street 15 feet from the sidewalk. The eye-witnesses to the transaction state the material facts as above outlined, but defendant claims to have gently

smacked plaintiff in the breast, which caused him to retreat backwards off the walk and onto the street in a stumbling manner, causing him to fall on the hard surface of the street in such a way as to produce the injury to the back of his head.

This action was filed by plaintiff against defendant in the Mercer circuit court to recover damages for his injuries, and at the trial there was a verdict in his favor for the sum of $2,200, which the court declined to set aside on a motion made for that purpose, and, from the judgment pronounced thereon, defendant prosecutes this appeal.

The answer was a denial of the *wrongful* and *unlawful* assault charged in the petition, with a defense in a separate paragraph of son assault demesne. In a third paragraph, defendant pleaded as a defense to the recovery of punitive damages provoking and abusive language toward him by plaintiff immediately before the difficulty commenced, and wherein, among other things, plaintiff called him a "one-armed s— of a b———" and a liar, both of which plaintiff denied, and his denial was supported by the testimony of other witnesses, but defendant's testimony supporting the latter plea was also corroborated by one witness. However, the court did not submit to the jury the right of plaintiff to recover punitive damages, and the relevancy of that paragraph of the answer fades from the picture.

In the brief of counsel for defendant, four grounds are presented and argued for reversal of the judgment, which are: (1) That the court erred in qualifying the self-defense instruction; (2) error of the court in submitting to the jury the expense item of $60 for hospital charges incurred by plaintiff; (3) error of the court in saying to the jury in its instructions that the provocative language relied on by defendant did not justify his assault on plaintiff; and (4) error in the admission of evidence offered by plaintiff, to which reference will hereafter be made.

1. The argument of counsel in support of ground (1) is difficult for us to grasp, but, as best we can gather from his brief, it is that it was the duty of plaintiff in his reply to expressly allege that defendant began the assault on plaintiff without justification, and because thereof the former was deprived of his defense of son assault demesne, upon the familiar ground in criminal practice that such a defendant cannot rely on self-defense if he himself induced the attack on him by

the one against whom the crime was committed; but we do not so construe the practice, nor does the relied on case of Wilken v. Exterkamp, 102 Ky. 143, 42 S. W. 1140, 19 Ky. Law Rep. 1132, sustain it. The only question in that case was the right of defendant to introduce testimony that he acted in self-defense in the absence of a plea in his answer to that effect, and which is an entirely different question from the one insisted on in support of this ground by counsel for appellant in this case. We held in the case of Lambert v. Corbin, 194 Ky. 373, 239 S. W. 453, 455, that ''opprobrious words or epithets do not justify an assault;'' while it was held in the case of Taylor v. Franklin, 208 Ky. 43, 270 S. W. 462, that ''there is no reason for a distinction between civil and criminal actions in this (self-defense) particular. So far as justification is concerned, the same principle applies to both'' and which was spoken with reference to the right of self-defense in this character of action, and in which it was pointed out that there was no difference between the right in criminal prosecutions and in civil actions.

On the contrary, in the two cases of Renfro v. Barlow, 131 Ky. 312, 115 S. W. 225, 226, and Marshall v. Glover, 190 Ky. 113, 226 S. W. 398, it was expressly held by this court that in a civil action of this kind the same qualification should be attached to the self-defense instruction as is done in criminal cases where there is testimony to support it. The language in the Renfro opinion so holding is: ''According to the decided weight of the evidence, the defendant first assaulted the plaintiff by hitting or striking him with a lap ring. That being the case, the self-defense instruction should have been qualified by a provision to the effect that, if the jury believed that the defendant brought on the difficulty by first attacking plaintiff or striking him with a lap ring, they could not find for the defendant on the ground of self-defense.'' The language employed in the Marshall opinion was to the same effect. We therefore conclude that this ground cannot be sustained.

2. Ground (2) is attempted to be supported by the theory that there was no evidence to show the amount of plaintiff's hospital expenses. No witness testified upon that issue except plaintiff, and he said that he was in the hospital for as much as, or possibly more than, three weeks, and that he was satisfied that his bill, which was unpaid at the time of the trial, would amount to as much as, if not more than, fifty or sixty dollars, and the court limited in its instructions plaintiff's right of recov-

ery for that item to the maximum of $60. The verdict is in a lump sum of $2,200, and we cannot tell from it whether any sum for hospital expenses was included therein. But, however that may be, we think the evidence as a whole was sufficient for the court to submit that item in the manner it was done. If, however, it was technically erroneous to do so, we do not, under the circumstances and conditions, feel authorized to reverse the judgment upon that ground alone, and especially so when we are not informed as to whether the jury allowed plaintiff any amount for that item.

3. But little need be said in disposing of ground (3) since, as above pointed out, we held in the Lambert case, supra, in exact accord with the instructions complained of in this ground. If the court had seen proper to submit to the jury the right to return punitive damages, it would have then been its duty to also say, in substance, that, if plaintiff provoked the assault on himself by defendant, by the application of the opprobrious language complained of, then no punitive damages could be returned. But under the Lambert opinion such instruction was and is not proper when the right to recover punitive damages is not submitted. We therefore find no merit in this ground.

4. The testimony complained of under ground (4) was that given in rebuttal by Dr. Youmans, the physician who attended plaintiff. The substance of it was that defendant, while plaintiff was being treated by witness, approached the latter and made certain remarks about the difficulty and the injuries to plaintiff, among which was that he struck plaintiff harder and with more force than he intended. Defendant was interrogated concerning such conversations with the physician while he was on the stand, and the physician was introduced in rebuttal to contradict defendant in such examination. In other words, the foundation was first laid by examining defendant, and the rebuttal was given by the physician after all of defendant's testimony was completed. It requires no argument to show the fallacy of this contention, even if the witness contradicted by the physician in rebuttal was not a party to the litigation. But in this case the statements so proven in rebuttal by the physician were made by defendant himself, and were clearly provable as substantive testimony against him. That being true, the only possible error would relate to the

order in which the testimony was introduced, and we have on numerous occasions declined to reverse judgments for slight departures of a similar character, from strictly correct practice, when it was clearly apparent that the substantial rights of the opposing party could not have been prejudiced thereby.

It will be perceived that none of the grounds relied on for reversal are directed to the amount of the verdict. It is true that in the motion for a new trial the excessiveness of the verdict is complained of, but under the testimony heard at the trial, there can be no just ground for such a complaint. Plaintiff was 65 years of age, somewhat feeble in health, and weighed only 120 pounds, while defendant, though having only one arm, weighed about 180 pounds, was 44 years of age, and in perfect physical strength. He evidently struck plaintiff more than one very severe blow; but, whether or not either of them landed upon the back of plaintiff's head, it is clear his head did land on the hard-surfaced street by reason of some one or more of the blows inflicted upon him by defendant and which produced the wounds and bruises upon plaintiff's face and chest. It also has not been overlooked by us that possibly defendant did not intend to inflict on plaintiff such severe punishment, and that he struck plaintiff with much more force than he purposed to do, but none of which furnishes a legal defense. Plaintiff has been most severely injured by the unlawful assault upon him by defendant, and under the law as administered at the trial he must suffer the consequences.

Perceiving no error prejudicial to the substantial rights of the defendant, the judgment is affirmed.