## Holcomb v. Creech et al.

### (Decided Feb. 3, 1933.)

J. B. WALL and H. C. CLAY for appellant.
J. G. FORESTER and DANIEL BOONE SMITH for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

G. W. Howard and J. G. Forester were sureties for Hiram Holcomb on a note for $2,000 executed to the First State Bank of Harlan, Ky. They eventually paid it, and then took a mortgage from the principal in the note on a described tract of land in Harlan county to secure them in the amount paid. Six days before the execution of that mortgage (in which Holcomb's wife, the appellant and plaintiff below, Morian Holcomb,

joined), the husband conveyed to his wife a small tract of land containing about ten acres off the larger one, and upon which was located the residence of the Holcombs, and the mortgage did not embrace that portion of the whole tract. Later his sureties brought an action against Holcomb and his wife to collect their debt and to enforce the mortgage, and in a separate paragraph of their petition they attacked the conveyance of the ten acres as being fraudulent and without consideration. No defense was interposed to the petition in that case (designated in this record as equity action No. 109), and a default judgment was taken at the fall, 1931 term of the court. In it the court gave judgment in favor of plaintiffs against the husband for their debt, and, enforced the mortgage lien, and also adjudged the deed of the husband conveying the ten acres to his wife as fraudulent and void, and directed the commissioner to also sell it.

The latter immediately advertised both parcels for sale, at which the appellee and defendant below, D. L. Creech, became the purchaser at the price of $2,425. The commissioner reported the sale, and in due time it was confirmed. However, the purchaser transferred his bid to another to whom a deed was thereafter executed by the commissioner at the direction of the court. Following that, and on December 4, 1931, during the same term of the court, plaintiff herein (Mrs. Holcomb) filed this action in the Harlan circuit court against the plaintiffs in the former action (which, as stated, is known in this record as equity action No. 109), the purchaser at the sale made therein, and others interested, in which she averred that she was never summoned in action No. 109, and that the officer's return showing that she was summoned was a mistake on the part of the officer making it; that she owned the ten acres that had been sold under the default judgment, and had paid a valuable consideration therefor, and denied that the deed she received from her husband was fraudulent for any reason alleged in the petition in action No. 109; that the sale price accepted by the commissioner was grossly inadequate; that he did not legally advertise the sale, and she pointed out, or attempted to point out, other defects in the proceeding.

She further alleged that the small tract conveyed to her contained the home of herself and husband, who

were bona fide housekeepers, and that it was worth not exceeding $1,000 at the time of the conveyance, and for which reason her deed was not fraudulent in any event. With her petition she filed a copy of the summons with the officer's return thereon, and she prayed that the judgment in so far as it ordered a sale of the small tract conveyed to her be set aside and the sale thereof canceled, and for such relief as the facts entitled her to. Defendants filed a demurrer to her petition, but before it was disposed of it was discovered that two distinct returns had been made on summons issued in action 109, and she filed affidavits of the two deputy sheriffs making those returns, in which they swore that neither of them had ever delivered to her any summons in the case wherein the default judgment was taken. One of them stated that he did deliver to plaintiff's husband two copies of the summons, one for himself and one for his wife, the plaintiff herein, while the other one stated in his affidavit that he had information that plaintiff had been summoned in that case by another deputy sheriff (but which was untrue) and on that information he made his return. It will be noted that it was thus made to appear that the allegation in plaintiff's petition with reference to the mistake of the officer in the return made against her was correct. But, nothwithstanding plaintiff's undenied allegation of mistake on the part of the officer (in which she was attempting to comply with the provisions of section 3760 of our Statutes), and notwithstanding she furnished sworn proof in substantiation of that allegation, the court sustained defendant's demurrer to her petition, and dismissed it upon her declining to plead further, and from which rulings she prosecutes this appeal.

The law applicable to the facts, as so disclosed by the record, is so simple and primary that we deem it entirely unnecessary to cite any of the many cases so determining. It might be insisted (and it is so intimated in brief for appellees) that plaintiff mistook her remedy by filing an independent action at the time she did, instead of making a motion in action 109 for the same relief. We are clearly of the opinion that, if the latter course had been pursued by her, it would have been sufficient. However, the fact that she saw proper to proceed in the manner she did cannot in the remotest degree militate against her right to the relief for which she prayed, if she sustained the facts alleged in her

pleading by sufficient proof if they should be denied. In other words, we can discover no obstacle in the way of the court treating her independent petition as a motion made in action 109 during the same term of court at which the complained of judgment was rendered, and, being of that conclusion, we will so treat it.

Among the questions argued in support of the judgment, contained in brief for the defendants and appellees, are: (1) That a party is entitled to only one day in court; (2) that plaintiff in her petition did not allege a valid defense so far as she was concerned to the petition in action 109, and (3) that the officer's return on the summons may not be collaterally attacked. It will at once be seen that none of them possess the slightest merit under the facts of this record. Answering argument (1), attention need only be directed to the fact that the very gravamen of plaintiff's complaint in this case is that she never had *a* day in court, and for which reason she wants the judgment, in so far as it affects the land her husband conveyed to her, set aside as well as its sale by the master commissioner, together with a cancellation of the deed that he made pursuant thereto.

Argument (2) is susceptible to two answers: (a) That plaintiff did allege a defense in her petition when she denied all the allegations in the petition in the action in which the sale was ordered, and, in addition thereto, pleaded affirmatively that the land conveyed to her was the homestead of her husband, and worth less than $1,000; and (b) that the averment of a valid defense is not a prerequisite to the obtention of the relief sought by appellant in this case. Such a requirement is demanded of a party against whom a default judgment has been rendered and who was actually summoned for the requisite time and failed to appear and defend, before he may have the default judgment set aside; but that is not the case that the record presents. One who had been made a party to an action, but who has not been summoned, may not be deprived of his *right* to make defense, although he is unable to do so. If judgment should be entered against him without the service of process upon him, the court never obtained jurisdiction of his person, and for which reason he never had *any* day in court, nor was he given any opportunity to defend. Such is the situation of the plain-

tiff in this case, and, if it were true that she averred no defense to action 109, the omission would not deprive her of her right to have an opportunity to do so and to pursue whatever course she desired.

The answer to argument (3) is, that the attack made on the officer's return in this case is not a collateral one, but is essentially a direct one. Even if the remedy employed by plaintiff, i. e., that of filing an independent action, should be treated by us as having been proper, either under the provisions of sections 344 or 518 of the Civil Code of Practice, then the attack made on the officer's return on the summons in action 109 would be a direct one, and not a collateral one, following a consistent and unbroken line of opinions of this court, some of which are: Johnson v. Carroll, 190 Ky. 689, 228 S. W. 412; Logsdon v. Logsdon, 204 Ky. 104, 263 S. W. 728, and others cited in those opinions.

We deem it unnecesary to extend the discussion, since it is clear that the court erroneously sustained the demurrer filed by defendant to plaintiff's petition and in dismissing it on her failure to plead further, and because of which the judgment is reversed, with directions to set it aside and to overrule the demurrer filed thereto, and for proceedings consistent with this opinion.