## Halcomb v. Creech et al.

(Decided June 22, 1934.)

H. C. CLAY and B. M. LEE for appellant.

J. G. FORESTER and D. B. SMITH for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

Again the trial court has dismissed the petition of Mornian Halcomb, and again she has appealed.

The opinion on the former appeal may now be found in 247 Ky. 199, 56 S. W. (2d) 998. Her name is there erroneously spelled. The correct spelling of her name is H-a-l-c-o-m-b. It is spelled both ways in the former record, but most frequently it is spelled with an "a," and it is so spelled in her deed and in the present record. Mrs. Halcomb is endeavoring to set aside a judgment taken by default against her and a sale and deed made thereunder. On the former appeal the court had erroneously adjudged the steps she had taken insufficient, and this time the evidence in support of her action has erroneously been adjudged insufficient.

In her petition, as amended, Mrs. Halcomb alleged the return upon the summons, made by C. B. Blair, deputy sheriff, that he had served it upon her was a mistake and with it she filed the affidavit of C. B. Blair to that effect. After a demurrer had been sustained to her petition, she ordered the entire record copied for the purpose of appeal and when, on March 1, 1932, the clerk had certified that record, it was found it contained a copy of a summons in case No. 109 with this return upon it:

"Executed by handing a true copy of the summons to the within named. This 11th day of September 1931. J. H. Blair, Sheriff Harlan County, Kentucky, By Earl Brock, D. S."

Mrs. Halcomb filed a schedule calling for additional record. Earl Brock promptly made an affidavit he had not served summons on Mrs. Halcomb, and filed it with a motion to be allowed to correct his return. The court entered an order sustaining this motion and allowing and directing the amendment to be made, and Mr. Brock then wrote upon the summons an amended return showing he had not executed summons on Mrs. Halcomb, and gave an explanation of how the mistake in his former return had been brought about. In that condition this case came before us on the first appeal. After that judgment was reversed further pleadings were filed, among them being a plea by which I. H. Wilson, the assignee of the purchaser Creech, was made a party and he is an appellee here. Proof was taken by deposition. We shall give a brief discussion of it. We have the positive statement of Mrs. Halcomb that process was not served upon her by any one. Mr. C. B. Blair's deposition is not materially different from his affidavit. In both he says he did not serve a summons on Mrs. Halcomb, and it is not in this record argued that he did.

Mr. Brock in his deposition testifies he thinks he served this summons on Mrs. Halcomb while she was on the porch of an old farm house across the road from this dwelling and storeroom. Mrs. Halcomb shows there is no old farm house there, and that the only building across the road from this dwelling and store is a barber shop and pool room. Brock was recalled and now locates this old farm house up Clover fork from this store and said a country road once ran in front of it, but it has been changed. On this second examination he weakens his first one; for he says he went there with Fleenor to serve some papers on Hiram Halcomb and he and Fleenor closed up this store, but he admits those papers were in a suit filed by Bell Grocery. He says he was told Halcomb and his wife lived there in the house adjoining the store. It was about three years after he claims he made this service that Brock gave his deposition, and he says he has now no distinct recollection about the matter and is only going by his return. Let us now see how much weight can be given to what he says. There were four defendants named in this process. Brock's return is: "Executed by handing a true copy of the summons to the within named." He gives no name of any one to whom he handed a copy; therefore his return is meaningless unless it means he handed

a true copy to each of the defendants named in the summons. That we know is not true, because it is admitted by every one that two of the defendants named in the summons (H. C. Lewis and H. D. Lewis) were never served with process by any one. That makes us think about the old maxim, "Falsus in uno falsus in omnibus." 25 C. J. 662.

Let us see what Earl Brock himself thought of this return about six months after it is supposed to have been made: He then regarded it as false. He swore it was false and made a return saying he did not serve process on Mrs. Halcomb. If this first return could be construed into a statement that Brock served process on Mrs. Halcomb, then what have we? Two returns made by the same man, one saying he served summons on her, the other saying he did not. When his memory was fresh he swore in his affidavit he did not serve process on her, and later in his deposition he swears he thinks he did. He says this was at an old farm house just across the road from the Halcomb store and home, and it is shown there is no old farm house there. It takes clear and convincing evidence to set aside an officer's return, but here we have two returns made on the same summons by the same officer, one saying he did not serve a copy on Mrs. Halcomb, the other possibly but not certainly saying he did. Which one are we going to set aside? Let us see if we cannot discover the truth from the circumstances. There were but five copies of these papers to start with. Blair served one on Hiram Halcomb and made his return on another. Brock says he served one on Hiram Halcomb. He used another on which to make his return, so that accounts for two more. Thus four of them are accounted for and there is one left—the fifth—and it is admitted it is in the papers and has been executed on no one.

The evidence that Brock's amended return is correct is clear and convincing and the court erred in disregarding it. The evidence that Brock's original return is false is clear and convincing and the court erred in sustaining it. Upon these basic errors the other parts of the court's judgment, including the quieting of Wilson's alleged title, have been builded; hence all that is erroneous. The court will set aside the judgment appealed from and its default judgment of October 7,

1931, and everything done thereunder, and let the cause proceed.

Judgment reversed.

The whole court sitting.