## Soper et al. v. Foster.

(Decided Nov. 9, 1934.)

L. SAUNDERS and GLENN RICKETTS for appellants.

ROBERT J. DENNY for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

At a judicial sale pursuant to a judgment of the Jessamine circuit court in 1926, L. M. Soper became the purchaser or successful bidder of a house and lot in

Nicholasville, Ky., alleged to be the property of said L. M. Soper and the infant children of his deceased wife, Ida L. Soper. Philip T. Foster became surety on the sale bond for Soper, and by a later arrangement Soper assigned the benefit of his bid to Foster and the court commissioner made Foster a deed to the property and he took possession of the same. In 1930, Doris Soper and Udell Soper brought their suit to set aside the judgment, sale, and commissioner's deed to Foster, alleging, inter alia, that the property sold belonged to their mother, Ida L. Soper, and further alleged other irregularities in the procedure, and asked that the judgment and the sale and deed pursuant thereto be set aside and that they be adjudged the owners of the property. On appeal to this court (Sander's Adm'r v. Soper et al., 244 Ky. 658, 51 S. W. [2d] 927), the judgment and sale were held void and the commissioner's deed to Foster canceled and Doris Soper and Udell Soper were adjudged to be the owners of the property. The history and facts of that case are fully set out in the opinion, supra, and it is not necessary to repeat them herein.

In 1931, Philip T. Foster brought his suit in the Jessamine circuit court against Doris Soper, Udell Soper, and other interested parties, in which he alleged that after the conveyance of the land to him by the master commissioner and while he held same under said deed, and believing in good faith that he owned the fee-simple title to said property, he paid the state, county, and city taxes on said property amounting to $245.19 and incurred other expenses in having the improvements on the property insured, and asked judgment against appellees for the total sum of taxes and fire insurance premiums so paid and for a lien against the property to secure the payment of the judgment.

Appellants filed demurrer to the petition which was sustained as to the items paid for fire insurance premiums, but was overruled as to the taxes, and judgment was entered in favor of Foster for the sum of $245.19 with a lien against the property. From that judgment, appellants bring this appeal.

It is the well-settled rule of this jurisdiction that a bona fide purchaser at a judicial sale, which is later held void, will be reimbursed for taxes and other improvements made by him in good faith and belief that he owned the property and may have a lien against the

true owner for the enhancement of the value by improvements placed thereon by him; and such purchaser will be deemed a bona fide purchaser and acting in good faith if he has not actual knowledge of the defect in the title, although he may be charged with constructive knowledge thereof. Combs, Guardian, et al. v. Deaton et al., 199 Ky. 477, 251 S. W. 638, 639; Forst v. Davis, 101 Ky. 343, 41 S. W. 27, 19 Ky. Law Rep. 558; Hall v. Wright, 137 Ky. 39, 127 S. W. 516.

But it is argued for appellants that the rule enunciated in the above case does not apply to this case, because, it is claimed, Foster was not a bona fide purchaser.

We are not advised from this record as to whether or not Foster was a bona fide purchaser further than the allegations of his petition. There was no answer filed, and by the rules of practice a demurrer admits the truth of the facts stated in the petition. The record of the suit filed in 1931 to set aside the deed to Foster resulting in the cancellation of Foster's deed as set out in Sander's Adm'r v. Soper et al., supra, is filed with this record, and it is argued for appellant that the above record discloses that Foster entered into a collusion and conspiracy with L. M. Soper, father of appellants, for the purpose of cheating and defrauding them of their interest in their deceased mother's property, and by reason thereof he cannot be termed a bona fide purchaser, and therefore not entitled to reimbursement for the taxes he paid while he held the property under the deed. An examination of the opinion, supra, discloses that the judgment, sale, and deed were set aside because of irregularities of the procedure and particularly that there was no proof taken as required by sections 429 and 489, Civil Code of Practice, relating to sale of infant's property to pay the debt of an ancestor; but the opinion makes no reference to fraud and we are unauthorized to go behind the record in the present case or the law as enunciated in the opinion of the former case, and inject into this record a new issue not raised by the pleadings. Hall v. Wright, supra.

It follows from what has been said that Foster was a bona fide purchaser of the property and therefore entitled to reimbursement for the taxes paid on the property while he held it under the commissioner's deed. The law gives taxing authorities a lien on property for

taxes, and the payment of these taxes by Foster was a discharge of a lien against the property which appellants would ultimately have had to pay or suffered their property sold in satisfaction thereof. The validity of the tax tickets paid by Foster is not questioned by appellants. Under these circumstances appellants have suffered no loss or injury by reason of Foster having paid that which the law required paid and which enured to the benefit of appellants.

Finding no error prejudicial to the substantial rights of appellants, the judgment is affirmed.