## Halcomb v. Howard et al.
(Decided Feb. 4, 1936.)
**(As Modified on Denial of Rehearing Oct. 6, 1936.)**

H. C. CLAY and B. M. LEE for appellant.

C. B. SPICER and DANIEL BOONE SMITH for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

This is the third appeal of this case. Halcomb v. Creech et al., 247 Ky. 199, 56 S. W. (2d) 998, 999, and Halcomb v. Creech et al., 255 Ky. 262, 73 S. W. (2d) 21, 23.

For a statement of the facts concerning the transaction here involved, antedating the present appeal, the reader is referred to our opinions in the above cases.

In our first opinion we said:

"We can discover no obstacle in the way of the court treating her [Morniam Halcomb's] independent petition as a motion made in action 109 during the same term of court at which the complained of judgment was rendered, and, being of that conclu-

sion, we will so treat it. * * * The court erroneously sustained the demurrer filed by defendant to plaintiff's petition and in dismissing it on her failure to plead further, and because of which the judgment is reversed, with directions to set it aside and to overrule the demurrer filed thereto, and for proceedings consistent with this opinion.''

The second appeal was prosecuted from an order dismissing her petition. The question presented and decided therein was whether Morniam Halcomb was summoned in the original action in which judgment was rendered. The trial court decreed that the purchaser of the land under the original judgment held title to it. Of this we said:

''The evidence that Brock's original return is false is clear and convincing and the court erred in sustaining it. Upon these basic errors the other parts of the court's judgment, including the quieting of Wilson's [the purchaser's] alleged title, have been builded; hence all that is erroneous. The court will set aside the judgment appealed from and its default judgment of October 7, 1931, and everything done thereunder, and let the cause proceed.''

On the return of the case the parties proceeded to form an issue on the allegations of the pleading which we held on the first appeal should be regarded as an application for a new trial. On the issue thus formed the evidence was introduced by depositions, and the court decreed that Hiram Halcomb and Morniam Halcomb, his wife, were not entitled to the land as a homestead on the date of the execution and delivery of the deed, and that his deed to her was executed and delivered without consideration, and void as to Forester and Howard, creditors of Hiram Halcomb, whose debts antedated the deed. Section 1907, Kentucky Statutes.

The evidence is plenteous to sustain the decree of the chancellor on these issues.

The court further adjudged that I. H. Wilson, the purchaser of the land at the commissioner's sale under the original judgment, acquired thereunder a fee-simple title to the land claimed by Morniam Halcomb, and that he was the owner of it in fee.

It is apparent that, if the Halcombs were not entitled to the land as a homestead at the date of Mrs.

Halcomb's deed, or if it were invalid as it affected the husband's creditors, that portion of the decree awarding title to I. H. Wilson was prejudicial to her rights. The court should have set aside the judgment as we directed in our former opinion. She insists that she is entitled to the difference between the debt, interest, and costs of Forester and Howard and Wilson's bond with interest as to them and Wilson and her husband. This is the equivalent to stating that she is entitled to have Wilson's deed under the judgment set aside, the land sold, selling first that portion which was not deeded to her, and if it fails to bring Forester and Howard's debt, interest, and costs, then sell the land covered by her deed and after paying their debt, interest, and costs, decreeing to her the remainder of the purchase money. In this contention we concur. Whilst her deed was adjudged invalid against the creditors of her husband, it is valid as to the difference between the purchase money and interest thereon and the debt, interest, and costs of Forester and Howard, if any.

The court will enter a decree setting aside Wilson's deed, directing first sold that portion of the land not embraced in her deed, and in the event it fails to bring sufficient sum, then sell the land described in her deed, and after paying their debt, interest, and costs, pay the remainder of the purchase money to Mrs. Halcomb.

The judgment is reversed for proceedings consistent herewith.