## Halcomb v. Wilson et al (two cases).

May 26, 1939.

B. M. LEE for appellants.

C. B. SPICER, D. B. SMITH, J. G. FORESTER and RAY O. SHEHAN for appellees.

OPINION OF THE COURT BY SIMS, COMMISSIONER— Affirming.

Hiram Halcomb was the owner of a twenty-two acre tract of land in Harlan County, and on June 22, 1929, he conveyed ten acres of this land to his wife, Mornain. On June 24, 1929, Halcomb and his wife executed a mortgage on the husband's land to secure G. W. Howard and J. G. Forester on a $2,000 note which they had paid as sureties for Halcomb. Suit was instituted by Howard and Forester to foreclose this mortgage and plaintiffs also sought to have the deed executed by Halcomb to his wife set aside as a fraudulent conveyance. In the fall of 1931, judgment was entered setting aside this deed because it was a fraudulent conveyance and the judgment ordered both tracts of land sold, to satisfy the mortgage. The master commissioner sold both tracts on Nov. 23, 1931, and D. L. Creech became the purchaser

for $2425. Just before the sale bond fell due in March, 1932, Creech assigned his bid to J. H. Wilson for $2450, and Wilson was put in possession of both tracts in March, 1932.

Mrs. Halcomb filed a suit in the fall of 1931 to set aside the judgment entered in the suit brought against her and her husband by Howard and Forester, alleging she was not served with process in that action. Mrs. Halcomb's suit developed into extensive and lengthy litigation and she prosecuted three appeals to this court, in all of which she was successful. The opinions in those cases may be found reported in: Halcomb v. Creech et al., 247 Ky. 199, 56 S. W. (2d) 998; Halcomb v. Creech et al., 255 Ky. 262, 73 S. W. (2d) 21; Halcomb v. Howard et al., 265 Ky. 306, 96 S. W. (2d) 849.

In that action Wilson intervened as a party defendant alleging in his answer he was a purchaser of the land in good faith, for value and without notice or information of the pendency of the suit brought by Mrs. Halcomb against Howard Forester and Creech. After Mrs. Halcomb reversed the judgment of the lower court for the third time, and after this court had directed the lower court to set aside the judgment under which the land had been sold and to enter a judgment directing a sale thereof in conformity with that opinion, the Halcombs paid Howard and Forester their debt, interest and costs, and this ended that litigation. An order was entered directing that Wilson be reimbursed with interest in the sum he had paid for these lands and this order restored the possession of the lands to Halcomb and wife in October, 1936.

On February 25, 1937, Mr. and Mrs. Halcomb filed separate suits against Wilson and Creech. Halcomb sought to recover $1000 as the reasonable rental value of his land held by Wilson for the five year period from March 1932 to October, 1936, and for $500 damages done the property by waste committed by Wilson. In her suit Mrs. Halcomb sought to recover the same amount of rent for the same period and $1000 in damages for waste. Each defendant filed practically the same answer, set-off and counterclaim. The first paragraph was a traverse; the second paragraph pleaded Halcomb and wife had sold their properties before bringing these suits; in a third paragraph the defendants pleaded Wilson while a party to the suit Howard and Forester had brought against Halcomb and wife, had filed a

pleading asking the court to reimburse him for the amount he had paid for the property. Defendants alleged the Halcombs should have set up their claims for rent and damages against Wilson when he filed this pleading, and therefore, when the court adjudged Wilson was entitled to be reimbursed, the claims of Halcomb and wife became res adjudicata. In a fourth paragraph Wilson pleaded he had expended $350 in permanent improvement on the lands which enhanced their vendible value in that sum and that he should recover this $350 from the plaintiffs. Mr. and Mrs. Halcomb filed general demurrers to paragraphs two, three and four of the answers and without waiving same, made up the issues by filing replies.

By agreement the two cases were heard together before the same jury with separate instructions given in each case.

Separate verdicts were returned by the jury in favor of defendants, and plaintiffs are here with their bills of exceptions seeking to reverse the judgments entered on the verdicts, because: 1. The court erred in overruling the general demurrers to paragraph two, three and four to the answers; 2. That Wilson was not a bona fide purchaser in good faith, therefore, he should not be allowed to plead and prove an enhancement in the value of the lands by any permanent improvements he placed thereon, and the court should not have instructed on this item; 3. The verdicts of the jury are contrary to law; 4. The court erred in permitting the defendants to introduce incompetent evidence.

As the first two contentions of the plaintiffs are closely related, we will discuss them together. The trial court gave no instructions under paragraphs two and three of defendants' pleadings, hence it is apparent the plaintiffs were not prejudiced by the court overruling their general demurrers to these paragraphs and we will not discuss this question. Soper v. Foster, 256 Ky. 157, 75 S. W. (2d) 1080, answers the argument of plaintiffs that their general demurrer should have been sustained to the fourth paragraphs of the answers, wherein Wilson set out his counterclaim for permanent improvements placed on the lands. The Soper case held a bona fide purchaser at a judicial sale, later held void, will be reimbursed for taxes, and for permanent improvements made in good faith which enhance the value of the land,

and he has a lien, on the land therefor; and such purchaser who has no actual knowledge of a defect in his title, although he may be charged with constructive knowledge thereof, is deemed, a bona fide purchaser. There is no evidence in this record showing Wilson had actual knowledge of any defect in his title. The plaintiffs argue he was wrongfully in possession of these lands and for this reason he has no claim for improvements, and they rely upon Highbaugh v. Nolan, 207 Ky. 804, 270 S. W. 64. In that case Nolan sold a house and lot to Highbaugh but refused to carry out his contract and Highbaugh sued him for specific performance. We held Nolan did not comply with his contract and wrongfully remained in possession of the property, therefore, he was not entitled to recover for any improvements he made thereon. The fact that Nolan acted wrongfully and not in good faith distinguishes that case from the instant one, where Wilson purchased the property in good faith, although his title proved to be defective. The instructions given by the court covering this phrase of the cases were proper. They told the jury in appropriate language Wilson was entitled to off-set, against plaintiffs' claim for rent, the taxes paid by him on the property, and whatever amount the permanent improvements had increased the vendible value of the lands.

Plaintiffs contend the judgments should be reversed under Section 340, subsection 6, of the Civil Code of Practice, because they are contrary to law in that the jury ignored the instructions. We are unable to see wherein the jury failed to follow the instructions of the court. The jury was instructed to find for plaintiffs the reasonable rental values of their respective lands during the time Wilson remained in possession, and to further find any damages done their properties by reason of any waste committed by Wilson. Further, the jury was instructed they might off-set any sum they found for the plaintiffs by any amount they found for Wilson by reason of taxes paid, and by reason of permanent improvements made on the properties which enhanced their value. Wilson argues the plaintiffs cannot recover in this action for permissive waste, but it is not necessary for us to decide this question since the jury found nothing for the plaintiffs on the item of waste.

The evidence was conflicting as to the rental values of these lands and fixed same from $40 to $200 per year for both tracts, which would make the total rental value

for the five years Wilson had possession range from $200 to $1000. Omitting the cost of oats and fertilizer, which were not permanent improvements, Wilson and his witnesses proved he expended $61.83 for taxes, and $153 for permanent improvements, or a total of $214.83, and that the value of the lands were enhanced in excess of this sum. It would appear the jury reached the conclusion the rents and the value of the improvements were equal and off-set one against the other. Plaintiffs do not argue the verdict is flagrantly against the evidence, but their complaint is, that the verdict is contrary to law because the jury ignored the evidence and instructions. They cite Cooper v. Girdler, 239 Ky. 565, 39 S. W. (2d) 1009; Malone's Ex'x v. Chesapeake & O. Railway Company, 249 Ky. 832, 61 S. W. (2d) 876, and cognate cases. An examination of these cases show that a verdict may be regarded as contrary to law under Section 340, subsection 6, of the Civil Code of Practice, when the jury fails to follow the instructions of the court. The Cooper case furnishes a good illustration. There the jury were instructed to find whether or not there had been a sale of 80 shares of stock and they based their verdict upon the sale of 50 shares of stock. Clearly, they disregarded the instructions and the lower court set aside that verdict, and we affirmed its action in so doing. In the present case, it seems to us the jury followed rather than ignored, the instructions and the plaintiffs were not entitled to a new trial under Section 340, subsection 6, Civil Code of Practice.

There is some basis in the argument made by plaintiffs that the court admitted incompetent evidence when it allowed Wilson to testify he had not been reimbursed the full amount he paid for these lands. Plaintiffs' objection to this evidence should have been sustained, since the rental value of the land and the improvements Wilson had made thereon were the only issues the jury were trying. Several times during the trial the court admonished the jury that these were the only issues they were trying. The instructions correctly covered these issues and this incompetent evidence admitted by the court could not have prejudiced the substantial rights of the plaintiffs. When we consider the admonitions of the court and the instructions given, it is evident plaintiff's rights were not prejudiced and no reversible error was committed. To be reversible, an error must be prejudicial to the substantial rights of the party complaining

of it. Civil Code of Practice, Section 756; Pollard v. Vandivir, 233 Ky. 563, 26 S. W. (2d) 495; Honaker v. Honaker, 182 Ky. 38, 206 S. W. 12; Horning v. Fiscal Court of Caldwell County, 187 Ky. 87, 218 S. W. 989.

Wherefore, the judgment is affirmed.